797 So.2d 285 (2001)
Johnny Lee RILEY, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-KA-00112-COA.
Court of Appeals of Mississippi.
March 6, 2001.
Whitman D. Mounger, Greenwood, Attorney for Appellant.
Office of the Attorney General by Billy L. Gore, Attorney for Appellee.
Before SOUTHWICK, P.J., MYERS, and CHANDLER, JJ.
*286 MYERS, J., for the Court:
¶ 1. Johnny Lee Riley was convicted in the Circuit Court of Leflore County on the charge of child fondling in violation of Miss.Code Ann. 97-5-23 (Rev.2000). He was sentenced to a term of ten years in the custody of the Mississippi Department of Corrections with two years suspended. Aggrieved, Riley now appeals his conviction, assigning error to the trial court's denial of his motion for a directed verdict, his requested peremptory instruction, and his motion for a new trial or for a judgment notwithstanding the verdict. The statement of the issue is taken verbatim from Riley's brief:
I. THE TRIAL COURT ERRED IN REFUSING TO GRANT DEFENDANT'S MOTION FOR A DIRECTED VERDICT OF ACQUITTAL AT THE CLOSE OF STATE'S CASE, IN REFUSING TO GRANT DEFENDANT'S REQUESTED PEREMPTORY INSTRUCTION AND DENYING DEFENDANT'S MOTION FOR A NEW TRIAL OR FOR A JUDGMENT NOTWITHSTANDING THE VERDICT, AS SUCH VERDICT WAS CONTRARY TO THE LAW AND THE OVERWHELMING WEIGHT OF THE EVIDENCE.
Finding no error, we affirm.

FACTS
¶ 2. The events which gave rise to this case took place at around 1:30 a.m. on December 21, 1998, at a house located on Pelican Street in Greenwood, Mississippi. The State presented six witness in its case-in-chief. The victim was babysitting at the aforementioned house. She testified that Riley, whom she identified in open court, fondled her in the living room of the house. She stated that he then carried her from the living room to the bedroom, where he fondled her again. There were several minor discrepancies between the victim's testimony and the statement that she had given during the police investigation. Specifically, in her statement to the police, the girl stated that after the incident, she had gone back and laid on the couch for a while. In open court, she denied that this had occurred. She had also told investigators that she went into Gloria Henderson's room before going home, but in court, she denied having done this.
¶ 3. Gloria Henderson, who lived at the Pelican Street house, testified that she saw Riley enter her house as she was leaving, and that when she left, the victim was lying on the couch in the living room. The victim's mother testified that her daughter came home at around 3:00 a.m. on the night in question, and that she appeared shaken and scared. The mother also stated that her daughter was "slow" and had been diagnosed as being "mildly mentally retarded." She further testified that she herself had been romantically involved with Riley about one year prior to the alleged incident. James Henderson, Gloria Henderson's brother who also lived in the Pelican street house, testified that he saw Riley enter the house around the time that the fondling took place. Kenny Terry also testified that he saw Riley enter the house around the time that the fondling took place. Lawrence Williams, a police detective, testified that Riley gave him a written statement denying that he entered the house that evening.
¶ 4. Upon the State's resting, Riley moved for a directed verdict, asserting that the State had not presented a prima facie case against him. In support of this assertion, Riley noted that the State's only eyewitness to the crime was the victim, who was admitted to be mentally retarded. The State rebutted that the testimony of *287 the victim, coupled with other testimony placing Riley inside the house at the time of the incident, at the very least created a jury question. The trial court agreed with the State and denied the motion.
¶ 5. Riley chose not to testify, but he produced one witness, Bobbie Henderson, to testify on his behalf. Bobbie Henderson, the sister of Gloria and James Henderson, testified that Riley visited her home at some point during the night that the events described above took place. The crux of her testimony was that Riley did not appear to be scared or nervous during his visit.
¶ 6. At the close of his case, Riley requested a peremptory instruction, which the trial court denied. The jury returned a guilty verdict. Riley filed a motion for JNOV, or in the alternative, a new trial. The motion was denied by the trial court, and this appeal followed.
I. THE TRIAL COURT ERRED IN REFUSING TO GRANT DEFENDANT'S MOTION FOR A DIRECTED VERDICT OF ACQUITTAL AT THE CLOSE OF STATE'S CASE, IN REFUSING TO GRANT DEFENDANT'S REQUESTED PEREMPTORY INSTRUCTION AND DENYING DEFENDANT'S MOTION FOR A NEW TRIAL OR FOR A JUDGMENT NOTWITHSTANDING THE VERDICT, AS SUCH VERDICT WAS CONTRARY TO THE LAW AND THE OVERWHELMING WEIGHT OF THE EVIDENCE.

STANDARD OF REVIEW
¶ 7. Our standard of review for the denial of directed verdict, peremptory instruction and judgment notwithstanding the verdict are identical. Coleman v. State, 697 So.2d 777, 787 (Miss.1997). Each challenges the sufficiency of the evidence as a matter of law, viewing the evidence in the light most favorable to the verdict. May v. State, 460 So.2d 778, 780-81 (Miss.1984). The standard of review of the legal sufficiency of the evidence is as follows:
[W]e must, with respect to each element of the offense, consider all of the evidence not just the evidence which supports the case for the prosecutionin the light most favorable to the verdict. The credible evidence which is consistent with the guilt must be accepted as true. The prosecution must be given the benefit of all favorable inferences that may reasonably be drawn from the evidence. Matters regarding the weight and credibility to be accorded the evidence are to be resolved by the jury. We may reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty.
Wetz v. State, 503 So.2d 803, 808 (Miss. 1987) (citations omitted).
¶ 8. The applicable standard for determining whether a jury verdict is against the overwhelming weight of the evidence is as follows:
"In determining whether a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial." Herring v. State, 691 So.2d 948, 957 (Miss.1997); Jackson, 689 So.2d at 766. Only in those cases where the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will this Court disturb it *288 on appeal. Herring, 691 So.2d at 957; Benson v. State, 551 So.2d 188, 193 (Miss.1989) (citing McFee v. State, 511 So.2d 130, 133-134 (Miss.1987)).
Pleasant v. State, 701 So.2d 799, 802 (Miss. 1997).

ANALYSIS
¶ 9. The Mississippi Supreme Court recently reviewed a case in which the facts and legal challenges were virtually identical to those in the case at bar. Collier v. State, 711 So.2d 458 (Miss.1998). In Collier, the victim was admittedly "slow" and was receiving disability payments each month due to epileptic seizures. Id. at 460. Several details in the victim's testimony conflicted with those given by the defendant and others who testified. Id. The jury nevertheless found the defendant guilty, and the Mississippi Supreme Court affirmed the conviction. Id. Because Collier so closely resembles the case at bar, we look to it for guidance in the resolution of the matters now presented to this court.
¶ 10. The essence of Riley's argument here is that his conviction was based solely upon the contradictory testimony of a mentally retarded thirteen year old child. We note from the outset that "the unsupported word of the victim of a sex crime is sufficient to support a guilty verdict where that testimony is not discredited or contradicted by other credible evidence, especially if the conduct of the victim is consistent with the conduct of one who has been victimized by a sex crime." Collier, 711 So.2d at 462 (citing Christian v. State, 456 So.2d 729, 734 (Miss.1984); McKinney v. State, 521 So.2d 898, 899 (Miss.1988); Otis v. State, 418 So.2d 65, 66 (Miss.1982)). Furthermore, the victim's physical and mental condition after the incident, as well as the fact that she immediately reported the incident, are acceptable as corroborating evidence. Collier, 711 So.2d at 462 (quoting Christian, 456 So.2d at 734; Inman v. State, 515 So.2d 1150, 1152 (Miss. 1987)). In the case at bar, the mother of the victim testified that the girl came into her room shortly after the event had allegedly taken place and told her about the incident. When questioned as to her daughter's demeanor following the incident, the mother testified that "[s]he was frightened. She was scared because you could tell it in her eyes."
¶ 11. This testimony, coupled with the testimony of the victim, would have provided a sufficient basis for conviction without further corroboration. However, other evidence was presented that justifies the conviction. Three eyewitnesses placed Riley at the Pelican Street house around the time that the incident supposedly took place. Another witness, a police officer, testified that when questioned, Riley denied having entered the house that evening.
¶ 12. As to the assertion that the inconsistencies in the victim's testimony cast doubt upon the reliability of that testimony, we note that, "[o]ur case law is axiomatic on the proposition that the jury is arbiter of the credibility of testimony. `It is, of course, within the province of the jury to determine the credibility of witnesses....'" Collier, 711 So.2d at 462 (quoting Pleasant v. State, 701 So.2d 799, 802 (Miss.1997) (citing Groseclose v. State, 440 So.2d 297, 300-01 (Miss.1983))). Any concerns arising from inconsistencies in the victim's testimony were properly resolved by the jury. Collier, 711 So.2d at 462-63.
¶ 13. Riley also contends that the victim was not competent to testify due to her mental retardation. As noted in Collier, it has been held that:
Mississippi courts generally allow children of tender years to testify if competent. *289 Rule 601 of the Mississippi Rules of evidence provides that every person is competent to be a witness unless they are incompetent or otherwise restricted. It is in the sound discretion of the trial judge to determine the competency of a child witness.
Collier, 711 So.2d at 463 (quoting Mohr v. State, 584 So.2d 426, 431 (Miss.1991)). As in Collier, the victim's testimony in this matter was substantially consistent, especially that testimony regarding the circumstances surrounding the alleged incident. "She had the ability to understand and answer questions, and could remember events." Collier, 711 So.2d at 463. We see no reason to disturb the findings of the judge or the verdict of the jury. Riley's arguments that the evidence was not legally sufficient to convict him and that the verdict was against the overwhelming weight of the evidence are without merit.
¶ 14. THE JUDGMENT OF THE LEFLORE COUNTY CIRCUIT COURT OF CONVICTION OF FONDLING AND SENTENCE OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH TWO YEARS SUSPENDED IS AFFIRMED. ALL APPEAL COSTS ARE ASSESSED TO LEFLORE COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., PAYNE, BRIDGES, THOMAS, LEE, IRVING and CHANDLER, JJ., concur.