835 So.2d 965 (2003)
James William BYARS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-KA-01312-COA.
Court of Appeals of Mississippi.
January 28, 2003.
*966 Lisa D. Collums, Gulfport, attorney for appellant.
Office of the Attorney General by Jeffrey A. Klingfuss, attorney for appellee.
Before KING, P.J., LEE, and IRVING, JJ.
LEE, J., for the Court.

PROCEDURAL HISTORY
¶ 1. James William Byars was indicted on three counts of sexual battery and three counts of touching of a child for lustful purposes. He was tried in July 2001 on only one count of sexual battery and two counts of touching of a child for lustful purposes, and a Harrison County Circuit Court jury found him guilty on all three counts. Byars was sentenced to serve twenty years without the possibility of parole *967 for the sexual battery charge, fifteen years on one charge of touching of a child for lustful purposes, and fifteen years on the other charge of touching of a child for lustful purposes. The fifteen year sentences were to run concurrently with one another, but were to run consecutively to the sexual battery sentence, for a total sentence of thirty-five years in the custody of the Mississippi Department of Corrections.
¶ 2. Byars raises various issues with this appeal which can be summarized as the following: (1) the trial court erred in allowing testimony pursuant to the tender years hearsay exception; (2) the trial court erred in allowing testimony from social worker Kari Mallory and from Dr. Matherne; (3) the trial court erred in allowing Dr. Matherne to testify that the information provided to him was factual; and (4) the evidence was insufficient to support the verdict, and the weight of the evidence did not support the verdict. We review the issues presented and find no merit; thus, we affirm.

FACTS
¶ 3. In August or September 1998, R.R. moved into the Pass Christian apartment of her boyfriend, appellant William Byars. Approximately one month later, R.R.'s four children also moved into the two-bedroom apartment where they remained for approximately two more months. In November 1998, R.R. and her eleven-year-old daughter, A.R.,[1] had a fight, and A.R. told her mom she disapproved of her mom's relationship with Byars. After this incident, R.R. told the children they were moving back to live with their grandmother where they had lived prior to moving to Byars's apartment. A.R. thereafter complained to her mom that Byars had sexually molested her on three different occasions, then repeated the allegations to her grandmother who notified authorities. Byars denied any of the alleged acts ever took place.

DISCUSSION OF THE ISSUES

I. DID THE TRIAL COURT ERR IN ALLOWING TESTIMONY PURSUANT TO THE TENDER YEARS EXCEPTION?
¶ 4. Byars filed a motion in limine at the start of the trial requesting that the court not permit the social worker nor the officers to testify since their knowledge of the alleged events was hearsay based on what A.R. had told them happened. At the pre-trial hearing on the motion, the district attorney explained extensively what would be the substance of the officers' and the social worker's testimony. Thereafter, the judge overruled the motion at that time, but added the caveat that upon A.R.'s testimony and the testimony of the officers and social worker, as inconsistencies arose or if sufficient questions of reliability arose Byars could renew his motion, and the testimony would be stricken and excluded.
¶ 5. Once the trial began, A.R. testified, then her mother, then the first officer took the stand. Before the officer was allowed to explain anything in detail, Byars again renewed his motion. At that point and before any "questionable" testimony was elicited from those persons who were the subject of the motion, the judge removed the jury and conducted a hearing. He orally made detailed findings concerning the victim's age, the approximate date of the assault, observances concerning the circumstances surrounding the assault, plus found the victim to be reliable, although not completely without motive to lie, which the judge noted concerned *968 weight and not admissibility. Byars now claims that the trial court erred in overruling the motion without initially making findings of fact prior to the trial and in waiting until after the witnesses had testified to address questions concerning reliability of the testimony.
¶ 6. "Under this Court's standard of review, the admissibility of evidence rests within the trial court's discretion." Baine v. State, 606 So.2d 1076, 1078 (Miss. 1992). More specifically, rule 803(25) of the Mississippi Rules of Evidence applies and states the following:
A statement made by a child of tender years describing any act of sexual contact performed with or on the child by another is admissible in evidence if: (a) the court finds, in a hearing conducted outside the presence of the jury, that the time, content, and circumstances of the statement provide substantial indicia of reliability; and (b) the child either (1) testifies at the proceedings; or (2) is unavailable as a witness: provided, that when the child is unavailable as a witness, such statement may be admitted only if there is corroborative evidence of the act.
M.R.E. 803(25). Evidence is not admitted and then only afterwards tested for its veracity. Here, rather than have the witnesses offer proffers of what they would testify to before they actually were allowed to take the stand, the judge waited until the questionable witness was on the stand and then conducted the hearing to determine the reliability of such testimony, finding it was reliable. While we find that, pursuant to M.R.E. 803(25)(a) listed above, the judge should have made those findings at the initial pre-trial presentation of this motion which he subsequently made during the trial outside the jury's presence, we nonetheless find that no error or resulting prejudice has occurred in what may be considered his procedural mishap. In reading the record, we glean that the judge was well-aware that he was to conduct a hearing; he just simply expressed pre-trial that he thought he could reserve further judgment until such time as was necessary, which he found to be at the point Byars raised the motion again. The motion was renewed before any questionable evidence was presented to the jury; consequently, we find the judge's actions to be harmless error, if error at all.
¶ 7. Byars also claims that A.R.'s statements were inadmissible since the judge expressed his opinion that inconsistencies existed in the testimony and since A.R. had a possible motive to lie. However, reading the remainder of the judge's findings, we find the judge stated he was aware of his need to comply with M.R.E. 803(25) and to conduct a hearing, and to that end the judge noted the following concerning reliability of A.R.'s testimony: A.R. was eleven at the time of the assault and at the time she told Officer Pustay of the events; A.R. told her mother and grandmother of the assault within three or four days of the incidents; and A.R. was able to convey with specificity details of the assaults including where, when, who was present, and descriptive details of the actual acts and her attempts to elude Byars' advances. Having found no reversible error in the judge's manner of conducting the hearing, we apply the standard set forth in Rule 803(25) and find no abuse of discretion in his decision to permit A.R.'s testimony.
¶ 8. Byars also points out that the judge stated that portions of A.R.'s testimony had been corroborated by her mother. Byars claims this violated the rule from Eakes v. State, 665 So.2d 852, 856 (Miss.1995), which states, "The reliability of the statement must be judged independently of any corroborating evidence; otherwise, *969 the confrontation clause may be violated." The supreme court addressed the issue of reliability:
While no mechanical test is available, factors which should be considered in judging reliability are: spontaneity and consistent repetition; mental state of declarant; use of terminology unexpected of a child of similar age; and lack of motive to fabricate. This list of factors is not exclusive. When the correct legal standard is employed by the trial court, this Court will reverse a finding of admissibility only when there has been an abuse of discretion.
Id. Byars argues that A.R.'s act of telling her mother what happened was a corroboration; however, we find A.R. was merely repeating the account to her mother, which was permissible. Thus, this point is without merit, as are the other arguments raised with this issue.
II. DID THE TRIAL COURT ERR IN ALLOWING THE TESTIMONIES OF KARI MALLORY AND DR. MATHERNE?
¶ 9. Byars argues the State improperly allowed social worker Kari Mallory to testify as to whether or not A.R.'s behavior was consistent with that of a child who had been sexually abused, which he claims is an opinion only an expert can render. Byars claims that Mallory was only a lay witness and her testimony could not be offered to bolster A.R.'s testimony, nor to help the jury resolve controverted material facts. See Jackson v. State, 551 So.2d 132, 144 (Miss.1989). The State rebuts that Mallory merely testified as to her observations of the child, that she only asked vague questions of the child to determine if the child needed to be removed from the home, and that she explained the reasons she referred A.R. to psychologist Dr. Matherne. The State adds that Mallory's explanation of the screening process assisted the trial judge in determining the reliability of A.R.'s testimony. The State cites Eakes where a social worker was permitted to testify and where the court noted with regard to the worker: "Palmer was an educated, experienced social worker and a credible witness whose opinion regarding the children's truthfulness impressed the court `sufficiently to draw the conclusion that the hearsay statements do have sufficient indicia of reliability to be admissible.'" Eakes, 665 So.2d at 865.
¶ 10. Byars argues that Mallory was allowed to testify as an expert when in fact she was only a lay witness, plus her testimony was not used to help the jury resolve material facts, but was instead presented to bolster A.R.'s testimony. In our review, we find that Mallory was called merely to explain the process she undertook in evaluating A.R. and in referring her on to Dr. Matherne. Mallory admitted that she was not responsible for conducting a thorough inquisition into the truthfulness or the details of A.R.'s assault, but was merely in place to evaluate the facts and to determine if the situation warranted further review by a psychologist, which she found in this case. There is no merit to this issue.
III. DID THE TRIAL COURT ERR IN ALLOWING DR. MATHERNE TO TESTIFY THAT THE INFORMATION PROVIDED TO HIM WAS FACTUAL?
¶ 11. For the first time on appeal, Byars argues that the trial court erred in allowing Dr. Matherne to testify. We note the procedural bar that results on appeal from failure to contemporaneously object at trial. Christmas v. State, 700 So.2d 262, 271 (Miss.1997). Byars recognizes the bar, but nonetheless argues that plain error requires this Court to review this issue. Byars claims that Dr. Matherne's opinion that the information provided *970 to him by A.R. was factual should never have been presented to the jury since it was inadmissible hearsay. Without waiving the procedural bar, we briefly further note that, under M.R.E. 803(4), statements made for the purposes of medical diagnosis or treatment, including emotional health, are exceptions to the hearsay rule. In response to the State's asking what the purpose of his interview was, Dr. Matherne stated the following:
Well, the purpose was, I was court-ordered by Judge Ward of the Harrison County Youth Court to interview and evaluate [A.R.] to determineto assist in the substantiation of the alleged abuse. There had been an allegation that she had been abused, and the judge requested I see the child, evaluate the child to determine what the child's diagnosis was, whether she needed counseling and whether there was sufficient basis to substantiate, which was the judge's responsibility. And so I was appointed, and the child came to me under those circumstances.
¶ 12. Dr. Matherne's testimony repeated that he sought answers from A.R. in efforts to determine whether she needed further medical treatment, which is permissible under Rule 803(4), as described. There is no plain error here.
IV. WAS THE EVIDENCE SUFFICIENT TO SUPPORT THE VERDICT, AND DID THE WEIGHT AND CREDIBILITY OF THE EVIDENCE SUPPORT THE VERDICT OF GUILT?

a. Sufficiency of evidence
¶ 13. Byars next argues the evidence was insufficient to support the verdict, and we look to our standard of review:
In reviewing a challenge to the sufficiency of the evidence, this Court is obligated to view the evidence in the light most favorable to sustaining the conviction. We are authorized to set aside a jury's verdict only if we are convinced that, as to one of the essential elements of the crime, the State's proof was so deficient that a reasonable and fair-minded juror could only find the defendant not guilty.
Bradford v. State, 736 So.2d 464 (¶ 6) (Miss.Ct.App.1999) (citation omitted). Byars argues that the only evidence to support his guilty verdict was that of the victim, and that the other witnesses for the State merely bolstered her testimony. Byars also points out that no physical evidence was presented, nor did he ever admit to these acts.
¶ 14. The State points out that in addition to A.R.'s testimony, the other witnesses testified to show that A.R.'s testimony was consistent. We have held that "the unsupported word of the victim of a sex crime is sufficient to support a guilty verdict where that testimony is not discredited or contradicted by other credible evidence, especially if the conduct of the victim is consistent with the conduct of one who has been victimized by a sex crime." Collier v. State, 711 So.2d 458(¶ 15) (Miss. 1998). See also Mabus v. State, 809 So.2d 728(¶ 16) (Miss.Ct.App.2001); Riley v. State, 797 So.2d 285(¶ 10) (Miss.Ct.App. 2001). In light of this precedent and considering that A.R.'s testimony was not discredited or contradicted, we find the evidence sufficient to support the verdict.

b. Weight of evidence
¶ 15. Concerning the weight of the evidence, we look to our standard of review:
"In determining whether a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new *971 trial." Only in those cases where the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will this Court disturb it on appeal. As such, if the verdict is against the overwhelming weight of the evidence, then a new trial is proper.
Brady v. State, 722 So.2d 151 (¶ 19) (Miss. Ct.App.1998) (citations omitted). In this opinion, we have reviewed in detail the evidence in this case. In reviewing this evidence in a light favorable to the verdict, we find no abuse of discretion and find that no unconscionable injustice will result in allowing the verdict to stand. Accordingly, we find no merit to this issue.
¶ 16. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT OF CONVICTION ON COUNT I, SEXUAL BATTERY AND SENTENCE OF TWENTY YEARS WITHOUT PAROLE; COUNT II, TOUCHING OF A CHILD FOR LUSTFUL PURPOSES AND SENTENCE OF FIFTEEN YEARS AND COUNT III, TOUCHING OF A CHILD FOR LUSTFUL PURPOSES AND SENTENCE OF FIFTEEN YEARS, TO RUN CONCURRENTLY TO THE SENTENCE IN COUNT II AND TO RUN CONSECUTIVELY TO THE SENTENCE IN COUNT I, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. COSTS OF THIS APPEAL ARE TAXED TO HARRISON COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, IRVING, MYERS AND CHANDLER, JJ., CONCUR. GRIFFIS, J., NOT PARTICIPATING.
NOTES
[1] We use an alias for the child to protect her identity.