845 So.2d 748 (2003)
Bernard CARTER, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-KA-00068-COA.
Court of Appeals of Mississippi.
May 13, 2003.
*749 Charles E. Lawrence, Hattiesburg, attorney for appellant.
Office of the Attorney General by Jean Smith Vaughan, attorney for appellee.
Before KING, P.J., MYERS and GRIFFIS, JJ.
MYERS, J., for the court.
¶ 1. Bernard Carter was tried by a jury and sentenced to life in prison for the murder of Curtis Jackson by the Circuit Court of Marion County. Aggrieved by this judgment, Carter appeals to this Court, asserting:
I. THE PROSECUTION FAILED TO PROVE GUILT OF MURDER AGAINST THE DEFENDANT BEYOND A REASONABLE DOUBT.
II. THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO PROVE THE ELEMENT OF DELIBERATE DESIGN.

Facts
¶ 2. On May 13, 2000, Carter got into an argument with Curtis Jackson concerning Carter's current girlfriend. The confrontation resolved without any violence, but apparently Carter's temper did not subside.
¶ 3. Later that day, Carter found a handgun and told witnesses that he was going to "get" Jackson. Carter drove to Reginald Young's house and shot Jackson while Jackson was in the driveway talking on a cordless phone. Jackson did not have a weapon.
¶ 4. At trial, Carter claimed he fired in self-defense, but the jury returned a verdict of guilty on the charge of deliberate design murder.

Legal Analysis
I. DID THE PROSECUTION FAIL TO PROVE GUILT OF MURDER AGAINST THE DEFENDANT BEYOND A REASONABLE DOUBT?
¶ 5. Carter argues that the evidence did not support the jury's verdict of guilty.
In reviewing a challenge to the sufficiency of the evidence, this Court is obligated to view the evidence in the light most favorable to sustaining the conviction. We are authorized to set aside a jury's verdict only if we are convinced that, as to one of the essential elements of the crime, the State's proof was so deficient that a reasonable and fair-minded juror could only find the defendant not guilty.
Byars v. State, 835 So.2d 965, 970(¶ 13) (Miss.Ct.App.2003) (citing Bradford v. State, 736 So.2d 464(¶ 6) (Miss.Ct.App. *750 1999)). We find there was sufficient evidence to support the verdict.
¶ 6. Deliberate design murder has the following elements: (1) the killing of a human being; (2) without the authority of law; (3) and done with deliberate design to effect the death of a human being. Miss. Code Ann. § 97-3-19(1)(a) (Rev.2000). Four eyewitnesses testified they saw Carter point a gun and fire at Jackson. They testified that Jackson was unarmed and made no gestures to suggest that he had a weapon or that he intended any harm to Carter. Witnesses also testified that Carter, after the first confrontation of the day, acquired a gun and made purposeful efforts to locate Jackson. From this evidence, a jury could reasonably have found that Carter had a deliberate design to kill Jackson and that he carried out that plan.
II. DID THE TRIAL COURT ERR IN DENYING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO PROVE THE ELEMENT OF DELIBERATE DESIGN?
¶ 7. After the trial, Carter filed a motion with the trial court for a new trial, claiming that the verdict was against the overwhelming weight of the evidence. On appeal, he elaborates and states his belief that the State failed to prove the "deliberate design" element of deliberate design murder.
¶ 8. Our standard of review limits us to reversing a circuit judge's decision to deny a motion for a new trial only when there is manifest error. Windham v. State, 800 So.2d 1257, 1264(¶ 19) (Miss.Ct. App.2001). If there was any error in the trial judge's decision, it did not rise to manifest error.
¶ 9. The Mississippi Supreme Court has held "deliberate design" as used in "deliberate design murder" to be synonymous with "malice aforethought," "premeditated," and the "intent to kill." Hawthorne v. State, 835 So.2d 14, 19-20 (¶¶ 21-22) (Miss. 2003) (citations omitted). A more thorough definition has been expressed as "full awareness of what one is doing; it generally implies careful and unhurried consideration of the consequences along with calculation, planning and contemplation." Windham v. State, 520 So.2d 123, 126 (Miss.1987).
¶ 10. Carter had a verbal altercation with Jackson earlier in the day on the day of Jackson's death. After Jackson left the scene, Carter sought him out, and learned that Jackson was at the house of his friend, Reginald Young. After finding a gun, Carter drove to Young's house and again exchanged words with Jackson. Jackson went into the house for a few minutes and came out with a telephone to his ear. Carter then shot Jackson. The effort Carter put forth in locating Jackson and obtaining a gun shows a deliberate plan to kill Jackson. The jury must apparently have thought so since it also had the option of finding Carter either guilty of manslaughter or not guilty of Jackson's homicide. We hold that the State adequately proved the "deliberate design" element of deliberate design murder.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF MARION COUNTY OF CONVICTION OF MURDER AND SENTENCE OF LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MARION COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, CHANDLER AND GRIFFIS, JJ., CONCUR.