CHANDLER, J.,
for the Court.
¶ 1. Carl Musgrove was convicted of sexual battery and sentenced to serve a term *485 of fifteen years’ imprisonment.-' He appeals asserting that the Circuit Court of Harrison County erred in denying his motion for a judgment notwithstanding the verdict (JNOV), or in the alternative, a new trial. Finding no error, we affirm.
DISCUSSION
¶2. A motion for JNOV challenges the legal sufficiency of the evidence. McClain v. State, 625 So.2d 774, 778 (Miss.1993). A reviewing court must consider as true all credible evidence consistent with the defendant’s guilt, and the State must be given the benefit of all favorable inferences that may reasonably be drawn from the evidence. Id. This Court may only reverse where, with respect to one or more of the elements of the offense, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty. Wetz v. State, 503 So.2d 803, 808 (Miss.1987).
¶ 3. A motion for a new trial challenges the weight of the evidence, and implicates the discretion of the trial court. McClain, 625 So.2d at 781. The trial court should only grant a new trial motion when the verdict is so contrary to the overwhelming weight of the evidence that, to allow it to stand, would be to sanction an unconscionable injustice. Wetz, 503 So.2d at 812. This Court, on appeal, will reverse and order a new trial only upon a determination that the trial court abused its discretion,. accepting as true all evidence favorable to the State. Id.
¶ 4. In this case, the victim, J.S., testified that Musgrove engaged in sexual intercourse with her without her consent on the evening of Friday, September 6, 1996. J.S. was thirty-seven years old at the time of crime, and was born with cerebral palsy, which rendered her unable to walk. She was a resident of Saraland, which is a retirement home for elderly and disabled people, where Musgrove also resided in an apartment with -his grandmother. J.S. testified that Musgrove sometimes “did her hair.” On the evening of the crime, J.S. was asleep in her nightgown when she was awakened by Musgrove knocking on her apartment door. She let Musgrove into her apartment, and after he had washed her hair, Musgrove carried her to a couch where they watched television for approximately one hour. As they sat on a couch, Musgrove got on top of J.S., removed her panties and began having sex with her. She testified that she told him that she had ■a boyfriend and asked him to leave. She also testified that she said, “I don’t want you to hurt me,” and was afraid of Mus-grove. Musgrove ignored her protests and continued having sex until he ejaculated. After which, he told her not to tell anyone what he had done. J.S. testified that she was afraid of Musgrove, and consequently she did not tell anyone of the assault until the following Monday, when she told Saraland’s assistant manager, Rose Harrien, that she had been “raped.”
¶ 5. Musgrove contends that no physical evidence supported J.S.’s testimony, and the lack of such evidence, coupled with inconsistencies in her testimony, are insufficient to support the verdict. Mus-grove specifically contends that the evidence could not support a finding of either penetration or lack of consent. There was no physical evidence to show that Mus-grove committed the sexual battery. However, where a victim’s testimony is not so discredited or contradicted by other evidence that it becomes unbelievable, that testimony alone is sufficient to sustain a guilty verdict. Collier v. State, 711 So.2d 458(¶ 15) (Miss.1998). See also Mabus v. State, 809 So.2d 728(¶16) (Miss.Ct.App.2001); Riley v. State, 797 So.2d 285(¶10) (Miss.Ct.App.2001). In this case, the record shows that while J.S. had a disability *486 and little education, she did convey a consistent, credible account of what occurred on the evening of the crime. J.S. testified to penetration, “[h]e stuck his private up in me.” J.S. testified to lack of consent, “I said, you supposed to come and do my hair, I said, not to have sex with me.” She further testified, “I was fighting him off.” Other witnesses, including Harrien and two investigating police officers, testified that she was distraught and acting consistently with regard to being a victim of sexual battery.
¶ 6. Based on this record, there was evidence tending to support all elements of the crime. Consequently, the evidence was sufficient to return a guilty verdict, and the circuit court correctly denied the motion for a JNOV. A motion for a new trial is directed to the circuit court’s discretion, and the standard is whether the evidence is so slight that it would be unjust to allow the conviction to stand. See Wetz, 503 So.2d at 812. In this case, the circuit court viewed the witnesses, and was better situated to judge credibility than an appellate court viewing the cold record. Moreover, while Musgrove was under no compunction to testify, it cannot escape notice that his only witness was a forensic scientist from the Mississippi Crime Lab, and the substance of her testimony was simply the lack of physical evidence. Musgrove’s defense did not contradict J.S.’s testimony. Given these facts, it cannot be said that the circuit court abused its discretion in denying the motion for a new trial.
¶ 7. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY OF CONVICTION OF SEXUAL BATTERY AND SENTENCE OF FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. HARRISON COUNTY IS ASSESSED ALL COSTS OF THIS APPEAL.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND GRIFFIS, JJ., CONCUR.