KING, P. J.,
for the court.
¶ 1.; Winslow Poe was convicted of four counts of fondling pursuant to Mississippi Code Annotated Section 97-5-23. Poe was sentenced to ten years on each count to run concurrently in the custody of the Mississippi Department of Corrections. *688 Poe’s motion fór a new trial was dehied. Aggrieved, Poe has appealed and asserts the following issue:
I. That the trial cóurt erred when it failed to grant the defendant’s motion for new trial because the weight and sufficiency of the evidence did not rise to the level necessary to prove beyond a reasonable doubt that the defendant committed fondling against four minor children.
STATEMENT OF FACTS
¶ 2. When arrested in December of 2000, Winslow Poe was a computer teacher at Henderson Elementary School in Stark-ville, Mississippi and had taught for approximately fourteen years.
¶ 3. Around December 7, 2000, a sixth grade male student at Henderson Elementary reported to the school principal, Walter Williams, that Poe had inappropriately touched him in the hallway, and that this was not the first occurrence. Principal Williams reported the incident to one of the administrators at Oktibbeha County School District, Dr. James Smith, and then called Poe into his office to notify him of the allegations. The following day Principal Williams, Asylee Gardner, the guidance counselor, and Smith called in four young men to inquire if they had been inappropriately touched by Poe. Three of the four young men stated that Poe had groped them multiple times during school hours, in the hallway between classes, and during the computer class that Poe taught. ■
¶4. When called into the office on December 8, 2000, Poe did not deny the allegations. Witnesses present at this conference, Dr. James Smith and Principal Walter Williams, both testified that Poe said he might have allowed himself to get too close to the children, but that he would never hurt them and was only trying to help them. Smith testified that Poe was “totally distraught” and admitted he had placed money in one of the children’s pockets. .
¶ 5. On December 11, 2000, a social worker at the Department of Human Services notified the Starkville Police Department that a mother had reported that her child had been molested at Henderson Elementary by Poe. Starkville Police Department then undertook an investigation of the matter. Detective William Durr was assigned the investigative responsibilities of this case. Durr went to Henderson to meet with Poe, and was informed that Poe was not there. Later, Durr discovered that Poe had been suspended from his teaching duties that morning. Durr found Poe at home. Poe agreed to accompany Durr to the police station for questioning. Poe talked with Detective Durr for about an hour. Poe made a written statement, which began: “For a period of time I have battled some homosexual tendencies.” Poe’s statement said that in his misguided directions he “inadvertently touched a few students in the genital area.” He specifically named the four victims of this case as having been inadvertently touched. Poe acknowledged that his actions were wrong and expressed remorse for what he had done and said, “I will immediately start counseling through my pastor and church. I will avail myself for other self-help programs available to me.”
¶ 6. Poe did not testify at trial. However, his handwritten statement to Detective Durr was admitted into evidence. Each of the four alleged victims testified that Poe touched them in the genital area. All four young men testified that they each gave Detective Durr a statement accusing Poe of touching them in the genital area on multiple occasions. All four statements were admitted into evidence. Two of the minor victims testified that on numerous occasions during class, Poe would lean *689 over and touch and/or rub on their genitals while helping them with their work at their computer terminal.
¶ 7. A jury found Poe guilty on all four counts of child fondling, and he was sentenced to a period of ten years on each count, to run concurrently, in the custody of the Mississippi Department of Corrections.
ISSUE AND ANALYSIS
Whether the trial court erred in denying the defendant’s motion for new trial
¶ 8. Poe contends that neither the weight or the sufficiency of the evidence supports a verdict of guilty of fondling. Poe contends that the victims lacked credibility and their testimony was inconsistent and therefore incredulous. Poe suggests that the supposed lack of credibility and credulity required that he be granted a new trial.
¶ 9. A defendant who questions the sufficiency of the evidence asks the court to hold that the evidence is so lacking that his conviction must be reversed and that he must be discharged. Holloway v. State, 809 So.2d 598, 605(1121) (Miss.2000). In addressing the question this Court
[m]ust, with respect to each element of the offense, consider all of the evidence — not just the evidence which supports the case for the prosecution — in the light most favorable to the verdict. The credible evidence which is consistent with the guilt must be accepted as true. The prosecution must be given the benefit of all favorable inferences that may reasonably be drawn from the evidence.

Id.

¶ 10. The defendant who questions the weight of the evidence merely seeks a reversal of his conviction and a consideration of the evidence by a new fact finder. Isaac v. State, 645 So.2d 903, 907 (Miss.1994). When it is the weight of the evidence, this Court
[m]ust accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial. Only in those cases where the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stan<] would sanction an unconscionable injustice will this Court disturb it on appeal. As such, if the verdict is against the overwhelming weight of the evidence, then a new trial is proper.
Baker v. State, 802 So.2d 77, 81 (¶ 14) (Miss.2001); citing Dudley v. State, 719 So.2d 180, 182 (Miss.1998).
¶ 11. Issues of witness credibility and the weight to be accorded a witness’s testimony are matters to be resolved by the trier of fact. Riley v. State, 797 So.2d 285, 288(¶ 12) (Miss.Ct.App.2001). In this case the fact finder was the jury.
¶ 12. Each of the minor victims testified that he was fondled by Poe. The unsupported testimony of the victim of a sex crime, which has not been discredited or contradicted by other credible evidence, is sufficient to support a guilty verdict. Williams v. State, 757 So.2d 953, 957(¶ 17) (Miss.1999); Collier v. State, 711 So.2d 458, 462(¶ 15) (Miss.1998). In this case the testimony of the minor victims is corroborated and given credence by Poe’s statement to the police.
¶ 13. In that statement, Poe admitted that he was battling homosexual tendencies, that he touched the genital area of each of the minor victims, that he knew his actions were wrong and that he felt great *690 remorse for his actions. These admissions by Poe mitigate any inconsistencies in the testimony of the victims, and provided sufficient corroborative evidence to support a verdict of guilty.
¶ 14. There is no merit to Poe’s claim of error, and the convictions are affirmed.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF OKTIBBEHA COUNTY OF CONVICTION OF FOUR COUNTS OF FONDLING AND SENTENCES OF TEN YEARS ON EACH COUNT WITH FIVE YEARS OF POST-RELEASE SUPERVISION TO BE SERVED CONCURRENTLY IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND FINES OF $1,000 ON EACH COUNT IS HEREBY AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO THE APPELLANT.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.