501 So.2d 398 (1987)
Johnny Lee ROBERSON
v.
STATE of Mississippi.
No. 56603.
Supreme Court of Mississippi.
January 14, 1987.
As Modified on Denial of Rehearing February 4, 1987.
*399 Howard Bass, Greenville, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by DeWitt Allred, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before WALKER, PRATHER and ROBERTSON, JJ.
PRATHER, Justice, for the Court:
This appeal challenges the constitutionality of Miss. Code Ann. § 97-3-95 (Supp. 1986),[1] prohibiting sexual battery. From a conviction of sexual battery of a child under the age of twelve, Johnny Lee Roberson appeals assigning the following errors:
(1) The statute under which appellant was convicted is void for vagueness and therefore violates due process of law.
(2) The evidence adduced at trial wholly failed to prove that appellant possessed the mental intent implicitly and necessarily required under the sexual battery statute.

I.
Johnny Lee Roberson, an adult, was indicted and tried in the Circuit Court of Washington County for the sexual battery of S.J., a ten-year old girl.
S.J. testified that, while Roberson was babysitting, he told S.J. to remove her panties, he licked between her legs, he rubbed between her legs, and eventually he inserted a finger into her vagina. S.J. also testified Roberson masturbated himself to ejaculation during the episode.
Roberson admitted inserting his finger into S.J.'s vagina, but denied the other allegations. Roberson testified he had reason to believe someone else had sexually abused S.J. and, as a concerned citizen, inserted the middle finger of his left hand 1/8 inch into S.J.'s vagina to determine if she was a virgin.
Roberson was convicted and sentenced to a term of twenty years in prison. From that conviction and sentence, Roberson perfects this appeal.

II.

Is. Miss. Code Ann. § 97-3-95 unconstitutionally vague?
The statute under which appellant was convicted provides that:

*400 A person is guilty of sexual battery if he or she engages in sexual penetration with:
(a) Another person without his or her consent;
(b) A mentally defective, mentally incapacitated or physically helpless person; or
(c) A child under the age of twelve (12) years.
The term "sexual penetration" is further defined to include "cunnilingus, fellatio, buggery or pederasty, any penetration of the genital or anal openings of another person's body by any part of a person's body, and insertion of any object into the genital or anal openings of another person's body." Miss. Code Ann. § 97-3-97 (Supp. 1986).
Unlike the fondling statute, Miss. Code Ann. § 97-5-23 (Supp. 1986), the sexual battery statute does not expressly require that the person engaging in the sexual penetration do so "for the purpose of gratifying his or her lust, or indulging his or her depraved licentious sexual desires... ." Id. Consequently, the appellant contends the sexual battery statute criminalizes any penetration whatsoever of the genital or anal openings of a child under the age of twelve and that a physician's otherwise innocent insertion of an object into the genital or anal openings of a child would necessarily be a criminal act under the statute.
Likewise, appellant argues a parent would be similarly subject to criminal prosecution for making an otherwise innocent insertion of an object into his or her child's genital or anal openings. Because of the alleged vagueness, appellant submits Miss. Code Ann. § 97-3-95 is void and, as a result, violative of the due process of law guaranteed by the Fourteenth Amendment to the United States Constitution. For those reasons, appellant requests this Court to reverse his conviction.
In a different context, this Court held in Hicks v. State, 441 So.2d 1359, 1361 (Miss. 1983), that Miss. Code Ann. § 97-3-95 is not unconstitutionally overbroad. Unlike the present case which involves sexual penetration of a child under twelve, Hicks involved the sexual penetration of a female without her consent.
"The constitutional requirement of definiteness is violated by a criminal statute that fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute." United States v. Harriss, 347 U.S. 612, 617, 74 S.Ct. 808, 812, 98 L.Ed. 989, 996 (1954). Likewise, a statute so indefinite that it "encourages arbitrary and erratic arrests and convictions" is void for vagueness. Papachristou v. City of Jacksonville, 405 U.S. 156, 162, 92 S.Ct. 839, 843, 31 L.Ed.2d 110, 115 (1972). See also, Colautti v. Franklin, 439 U.S. 379, 390, 99 S.Ct. 675, 683, 58 L.Ed.2d 596, 607 (1979).
In the present case, there is little doubt that Miss. Code Ann. § 97-3-95 gives a person of ordinary intelligence fair notice that appellant's conduct was forbidden. Also, there is no indication from the facts of this case that § 97-3-95 "encourages erratic arrests and convictions."
Additionally, in U.S. v. Harriss, 347 U.S. at 618, 74 S.Ct. at 812, 98 L.Ed. at 996, the U.S. Supreme Court stated, "On the other hand, if the general class of offenses to which the statute is directed is plainly within its terms, the statute will not be struck down as vague, even though marginal cases could be put where doubts might arise."
Although, on its face, the definition of sexual penetration announced in § 97-3-97 encompasses any penetration, the Court holds the parameters of the definition of sexual penetration are logically confined to activities which are the product of sexual behavior or libidinal gratification, not merely the product of clinical examinations or domestic, parental functions. As stated in U.S. v. Harriss, 347 U.S. at 618, 74 S.Ct. at 812, 98 L.Ed. at 996, "[I]f [the] general class of offenses can be made constitutionally *401 definite by a reasonable construction of the statute, this Court is under a duty to give the statute that construction."

III.

Was there sufficient proof of criminal intent?
The arguments advanced by appellant under this assignment of error are made possible by the alleged absence of explicit mens rea language in § 97-3-95. In an attempt to renew his argument that § 97-3-95 is unconstitutionally vague, appellant contends sexual battery is a mala in se crime. That is, sexual battery is inherently wrong and the prosecutor must prove the defendant possessed a criminal intent in committing the crime.
However, this Court has recognized, "The Legislature may define a crime which depends on no mental element and consists only of forbidden acts or omissions." Wright v. State, 236 So.2d 408, 413 (Miss. 1970). In that instance, the intent to do the forbidden act is the only intent necessary to complete the offense. Id. In the case at bar, we define intent in conformity with Section II above.
The testimony of S.J., and the admission of Roberson himself of inserting his finger into S.J.'s vagina under circumstances suggesting a lustful or licentious state of mind represent sufficient evidence of Roberson's intent, as that term has been defined in Section II above. At least the jury may certainly have so found. Hines v. State, 472 So.2d 386, 392 (Miss. 1985). The Court finds this assignment of error is without merit.

IV.
Finding no reversible error, the Court holds the conviction and sentence of Johnny Lee Roberson should be and is hereby affirmed.
AFFIRMED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., DAN M. LEE, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.
NOTES
[1] The version of Miss. Code Ann. § 97-3-95 under which appellant was tried, prohibited sexual penetration of a child under twelve years. Effective July 1, 1985, the statute prohibits sexual penetration of a child under fourteen years.