856 So.2d 654 (2003)
Raymond Helton FRILEY, Jr., Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-KA-00041-COA.
Court of Appeals of Mississippi.
June 24, 2003.
Rehearing Denied October 21, 2003.
Jane Cleland O'Mara, Pat McNamara, attorneys for appellant.
Office of the Attorney General by Deirdre McCrory, attorneys for appellee.
Before McMILLIN, C.J., LEE and IRVING, JJ.
LEE, J., for the Court.

PROCEDURAL HISTORY
¶ 1. On May 2, 2000, Raymond Helton Friley, Jr. was indicted by the grand jury in Warren County for the sexual battery of C.M., a female minor. On November 10, 2000, a jury returned a verdict of not guilty to the charge of sexual battery, but guilty to the lesser offense of molestation. The court sentenced Friley to serve fifteen years in the custody of the Mississippi Department of Corrections. Friley has perfected his appeal to this Court asserting the following issues: (1) the trial court erred in granting jury instruction S-2; (2) the guilty verdict was against the overwhelming weight and sufficiency of the evidence; and (3) proof of venue was never *655 proven by the State. Finding merit to the first issue, we reverse and render.

FACTS
¶ 2. In July of 1995, C.M. was swimming at her grandmother's pool when she encountered Friley, who was servicing the pool. According to C.M., Friley cornered her, placed a plastic bag in front of her face, put his hand in the bottom of her swimsuit, and inserted his finger into her vagina. C.M. testified that Friley also "took his other hand and put it inside his pants, ... moving his hand around." This assault apparently lasted between five and ten minutes. Afterwards, Friley grabbed her and told her not to repeat to anyone what had occurred.
¶ 3. At the time of the assault C.M. was approximately nine years old. The present proceeding did not begin until five years later when C.M. mentioned the incident to a friend at school. This friend contacted C.M.'s mother and told her about the assault. The authorities were contacted and Friley was identified as the assailant. C.M. positively identified Friley as the person who had assaulted her. In the years since the assault, C.M. has had nightmares and anxiety attacks.

DISCUSSION OF ISSUES

I. DID THE TRIAL COURT ERR IN GRANTING JURY INSTRUCTION S-2?
¶ 4. With his first issue, Friley contends that the trial court erred in granting jury instruction S-2, which authorized the jury to find Friley guilty of molestation. It is well settled that jury instructions which are unsupported by the evidence or incorrectly state the law are not to be given to the jury. Perry v. State, 637 So.2d 871, 877 (Miss.1994). Reversible error will be found only if the instructions create an injustice. Coleman v. State, 697 So.2d 777, 782 (Miss.1997).
¶ 5. The indictment charged Friley with sexual battery, a crime of which the jury found him not guilty. According to the record, the trial judge mistakenly determined the crime of molestation under Miss.Code Ann. § 97-5-23 (Rev.2000) to be a lesser-included offense of sexual battery. A lesser-included offense instruction may be given if the more serious offense includes all the elements of the lesser offense, "that is, it is impossible to commit the greater offense without at the same time committing the lesser-included offense." Sanders v. State, 479 So.2d 1097, 1108 (Miss.1985).
¶ 6. Under Miss.Code Ann. § 97-3-95 (Rev.2000), "a person is guilty of sexual battery if he or she engages in sexual penetration with ... (d) a child under the age of fourteen (14) years of age, if the person is twenty-four (24) or more months older than the child." Under Miss.Code Ann. § 97-5-23 (Rev.2000), molestation is defined as follows:
Any person above the age of eighteen (18) years, who, for the purpose of gratifying his or her lust, or indulging his or her depraved licentious sexual desires, shall handle, touch, or rub with hands or any part of his or her body or any member thereof, any child under the age of sixteen (16) years, with or without the child's consent, ... shall be guilty of a felony....
The Mississippi Supreme Court has reversed a conviction of child fondling[1] where the charge of child fondling was not an additional count in the indictment. *656 Hailey v. State, 537 So.2d 411, 416-17 (Miss.1988). The supreme court has more recently stated that "lustful intent is not an element of sexual battery that needs to be proven. Rather, Miss.Code Ann. § 97-3-95(1)(c) (1994) requires only a showing of sexual penetration with a child under the age of fourteen." Watts v. State, 733 So.2d 214(¶ 45) (Miss.1999). After comparing the above statutes, we find molestation is not a lesser-included offense of sexual battery. See Brady v. State, 722 So.2d 151(¶ 36) (Miss.Ct.App.1998); Hailey, 537 So.2d at 414. Thus, the judge erred in allowing the instruction concerning molestation.
¶ 7. The dissent can see no instance where a person would sexually batter a child without doing so for the purpose of gratifying his or her lust. Our state legislature felt it necessary to construct two separate and distinct statutes regarding sexual battery and molestation. Were we to regard molestation as a lesser-included offense of sexual battery, then we would effectively nullify the molestation statute. We decline to do so and leave any needed clarification to the legislature. Furthermore, molestation is recognized as a separate offense from sexual battery as defendants are frequently charged with both crimes simultaneously. See Todd v. State, 806 So.2d 1086 (Miss.2001); Taylor v. State, 836 So.2d 774 (Miss.Ct.App.2002); Byars v. State, 835 So.2d 965 (Miss.Ct. App.2003).
¶ 8. We can find no reason or legal authority to allow this lesser offense instruction. The prosecutor and the trial court confused the jury by allowing them to consider an erroneous instruction. We find that to allow Friley to be convicted of a crime for which he was never charged would create an injustice. Although applying the law in this instance may produce an unpopular result in the eyes of the public, in light of the evidence and applicable law we have no choice but to reverse and render.

II. WAS THE JURY VERDICT AGAINST THE OVERWHELMING WEIGHT AND SUFFICIENCY OF THE EVIDENCE?

III. DID THE STATE PRESENT SUFFICIENT PROOF OF VENUE?
¶ 9. Because we reverse and render on the first issue, we decline to discuss the merits of the other two issues.
¶ 10. THE JUDGMENT OF THE CIRCUIT COURT OF WARREN COUNTY IS REVERSED AND RENDERED. COSTS OF THIS APPEAL ARE TAXED TO WARREN COUNTY.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, AND IRVING, JJ., CONCUR. SOUTHWICK, P.J., CONCURS WITH A SEPARATE WRITTEN OPINION JOINED BY McMILLIN, C.J., AND BRIDGES, J. GRIFFIS, J., DISSENTS WITH A SEPARATE WRITTEN OPINION JOINED BY MYERS AND CHANDLER, JJ.
SOUTHWICK, P.J., concurring:
¶ 11. The dissent addresses two issues that supposedly should cause us to affirm the conviction. With respect for the writers of the dissent and of the majority opinion, I find that a different explanation both of waiver and of the law of lesser-included offenses would be helpful.

Waiver of instruction issue
¶ 12. The dissent argues that defense counsel withdrew his objection to the instruction on the allegedly lesser-included offense of molestation. The dissenting opinion quotes the operative part of the instruction conference. There is ambiguity in what occurred. Generically, there was a firm objection to an instruction, *657 followed by the judge's explanation of why he believed the instruction was necessary, and concluding with the objector's response of "okay." The dissent interprets that last word to be an acceptance of the validity of the instruction, thus a waiver of the issue. The word might instead have indicated understanding but not acceptance of the judge's explanation, or perhaps even counsel's recognition that the judge had ruled and further argument was unnecessary.
¶ 13. Though I cannot enter the defense counsel's mind through the printed word of the transcript, I find no need. There was definitely an objection. The objection was clear that counsel believed the new offense had not earlier been part of the case ("there was nothing brought out about another crime whatsoever"), which is effectively stating that the new crime was not included in the indicted offense. The judge clearly revealed his intention to give the instruction, both in his initial statements and in the words immediately following the ambiguous "okay" from defense counsel. The judge stated "I'm going to give it."
¶ 14. To require that defense counsel restate his objection after the judge's explanation is akin to reviving the discredited practice of counsel's having to "except" to an unfavorable ruling on an objection. See Starks v. State, 798 So.2d 562, 565 (Miss.Ct.App.2001). This case suggests that the practice of "excepting" might occasionally have its utility, but there is rarely a purpose and there never is a requirement. Id. Once the objection was clearly made, more than this level of ambiguity is needed to effect a withdrawal.

Lesser-included offense
¶ 15. I agree with the majority that molestation under section 97-5-23 is not a lesser-included offense of sexual battery under section 97-3-95. Both of the other opinions in this case discuss various precedents regarding related offenses to the ones involved in this case. With respect, I find the debate over the similarities and distinctions in those cases somewhat unpersuasive.
¶ 16. Both the majority and dissent appear to agree that a lesser-included offense must contain all the elements of the greater, such that it would be impossible to commit the greater without also committing the lesser. See Sanders v. State, 479 So.2d 1097, 1108 (Miss.1985). Where some ambiguity in lesser-included offense analysis arises is whether the focus should be on the statutory elements of the offenses or instead on the specific facts of a particular case. It is clear that it is possible to commit the statutory elements of the lesser crime of molestation without committing the statutory elements of the greater crime of sexual battery. I compare the statutory elements:
¶ 17. Sexual molestation requires (a) a defendant who is above the age of eighteen, who (b) for the purpose of gratifying lust (c) shall handle, touch, rub with his hands or any part of his body (d) any child under sixteen, (e) with or without consent. Miss.Code Ann. § 97-5-23 (Rev.2000). Sexual battery requires sexual penetration. There are various ways in which this can be done, namely (a) without consent, or (b) with a person with a mental defect, or (c) with a child between the ages of fourteen and sixteen, if the defendant is at least three years older, or (d) with a child under the age of fourteen, if defendant is at least two years older. Miss.Code Ann. § 97-3-95 (Rev.2000). Friley was charged under the last option, sexual penetration of a child under the age of fourteen when the accused was more than two years older.
¶ 18. The clearest examples of statutory elements that are necessary for the *658 lesser offense but are not elements of the greater are that in the lesser, the defendant must be older than 18, while a defendant under eighteen can be guilty of sexual battery. Further, the specific intent of gratifying lust is needed for the lesser offense, while no such intent is needed for sexual battery. Sexual battery is a "general intent" crime, i.e., it is only necessary that the accused have the intent to commit an unlawful act and that the offense not have been an accident or mistake.
¶ 19. Whether Mississippi examines solely the statutory elements to determine what is a lesser-included offense of another is not altogether certain. There is in some cases language such as the following, which refers both to the statute and to the indictment:
The Blockburger rule has particular application in the lesser included offense context. If an individual is charged with two offenses, and all of the elements of one are included within and are a part of a second greater offense, Blockburger intervenes. It charges that we compare statutory offenses, as indicted, and see whether each requires proof of a fact which the other does not.... On the other hand, where no further evidence is needed to establish the lesser offense, once the prosecution has proved the greater offense, punishment for the lesser is barred. Blockburger, 284 U.S. at 304, 52 S.Ct. at 182, 76 L.Ed. at 309....
Meeks v. State, 604 So.2d 748, 751-52 (Miss.1992).
¶ 20. Federal law does not control here. The United States Supreme Court has held that for federal crimes, the statutory elements test applies for lesser-included offenses. Schmuck v. United States, 489 U.S. 705, 716, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1989). The Court noted without criticism that other tests are used by the States:
In determining whether an offense is a lesser included offense of a particular crime, the States have adopted a variety of approaches. See, e.g., State v. Berlin, 133 Wash.2d 541, 550-551, 947 P.2d 700, 704-705 (1997) (en banc) (comparing statutory elements of the lesser offense to determine whether all of them are contained in the greater offense); People v. Beach, 429 Mich. 450, 462, 418 N.W.2d 861, 866-867 (1988) (applying the "cognate evidence" approach: a lesser included offense instruction may be given even though all of the statutory elements of the lesser offense are not contained in the greater offense, if the "overlapping elements relate to the common purpose of the statutes" and the specific evidence adduced would support an instruction on the cognate offense (internal quotation marks and citation omitted)); State v. Curtis, 130 Idaho 522, 524, 944 P.2d 119, 121-122 (1997) (court looks both to the statutory elements and to the information to determine whether it "charges the accused with a crime the proof of which necessarily includes proof of the acts that constitute the lesser included offense").
Hopkins v. Reeves, 524 U.S. 88, 98 n. 6, 118 S.Ct. 1895, 141 L.Ed.2d 76 (1998).
¶ 21. Many of the Mississippi precedents merely state that the elements of the "offenses" should be compared without stating whether the statutory, the charged, or the evidentiary elements control:
in order to authorize a lesser-included-offense instruction the more serious offense must include all the elements of the lesser offense, meaning it is impossible to commit the greater without also committing the lesser. Hailey v. State, 537 So.2d 411, 415 (Miss.1988). It is well settled that a lesser-included-offense instruction should be given unless the trial judge determines, by looking at *659 the evidence in the light most favorable to the accused, and considering all reasonable favorable inferences which may be drawn in favor of the accused from the evidence, that no reasonable jury could find the defendant guilty of the lesser-included-offense, and ultimately not guilty of at least one element of the principal charge. Hutchinson v. State, 594 So.2d 17, 18 (Miss.1992)....
Odom v. State, 767 So.2d 242, 246 (Miss.Ct. App.2000).
¶ 22. I find that it is unnecessary in this case to determine exactly what the focus of the lesser-included offense analysis should be. Sexual battery is a general intent crime. The indictment alleged that Friley had committed the act "unlawfully and feloniously"; the statute refers to no necessary intent. Miss.Code Ann. § 97-3-95 (Rev.2000). However, for the allegedly lesser offense of molestation, the specific intent of gratifying lust is required. Miss. Code Ann. § 97-5-23(1) (Rev.2000). Since the lesser has an extra element, it cannot be a lesser-included offense of the greater. I find no support in this State's precedents for the "cognate evidence" rule. Regardless of whether the statutory or the charged elements are the focus, sexual battery did not include the specific intent needed for molestation.
¶ 23. I agree with the dissent, however, that some physical acts that would prove molestation, a crime which does not even require touching the sexual organs of the victim, are lesser-included elements of the greater. These physical acts other than penetration would need to be similar to sexual penetration but legally less serious. For that reason I conclude that some (but not all) possible means of touching a victim that would prove sexual molestation would be lesser elements to the physical acts necessary for sexual penetration.
¶ 24. We must reverse even though the two crimes have considerable similarities. Reversal is required because under controlling case law a lesser-included offense instruction should not be given unless it is impossible for an accused to commit the charged offense without also committing the lesser one. The specific intent of gratifying lust is neither a statutory nor a charged element in this case of sexual battery. It is not enough for a lesser-included offense instruction to be given that an accused probably was gratifying his lust for the sexual battery. Since that intent is not an element of the greater offense, the intent cannot be initially injected into the case at the time that factual issues are given to the jury.
McMILLIN, C.J., AND BRIDGES, J., JOIN THIS SEPARATE WRITTEN OPINION.
GRIFFIS, J., dissenting:
¶ 25. I respectfully disagree with the majority's holding, and therefore, I dissent. First, the defendant failed to preserve an objection to the jury instruction S-2, and therefore, this assignment of error was waived. Second, the majority's opinion is premised on the incorrect conclusion that child molestation or fondling (Miss.Code Ann. § 97-5-23)[2] is not a lesser-included offense of sexual battery (Miss.Code Ann. § 97-3-95).

I. The defendant failed to preserve an objection to the jury instructions.

¶ 26. This Court has held on numerous occasions that an offended party's failure *660 to object to jury instructions at trial procedurally bars the issue on appeal. Walker v. State, 729 So.2d 197(¶ 19) (Miss.1998). Specific grounds for an objection must be stated contemporaneously with the objection, and all objections not made at the time of testimony are deemed waived. Sellers v. State, 773 So.2d 350(¶ 11) (Miss. Ct.App.2000).
¶ 27. In Moody v. State, 838 So.2d 324(¶ 50) (Miss.Ct.App.2002), the defendant claimed that the instruction on aiding and abetting was defective because it did not require a finding that he "wilfully" assisted in the commission of the crimes; thereby depriving him of his "coercion" defense. At trial, Moody's objection to the instruction consisted principally of a contention that it amounted to a "conspiracy" instruction, and that no criminal conspiracy had been charged in the indictment. Id. Objections to instructions must be based on specific articulated grounds and all objections not so stated are deemed waived. Id. (citing Crawford v. State, 787 So.2d 1236(¶ 35) (Miss.2001)). This Court found "this narrow objection argued on appeal to be different from that asserted before the trial court and, thus, procedurally barred." Moody v. State, 838 So.2d 324(¶ 50) (Miss.Ct.App.2002).
¶ 28. In this case, the trial judge considered the jury instructions submitted and allowed the State and the defendant to make their objections. Applicable to this appeal, the State offered Instruction S-2, which read:
The Court instructs the Jury that if you find that the State has failed to prove any one or more of the essential elements of the crime of sexual battery, you must find the defendant not guilty of sexual battery. You will then proceed with your deliberations to decide whether the State has proven beyond a reasonable doubt all of the elements of the lesser crime of molestation.
If you find from the evidence in this case beyond a reasonable that:
1. Raymond Helton Friley, Jr., on or about July 31, 1995, in Warren County, Mississippi,
2. did willfully, unlawfully and feloniously handled touched or rubbed with his hands any part of the body of [C.M.],
3. without her consent for the purpose of gratifying his lust, and
4. and at the time, Raymond Helton Friley, Jr. was over the age of eighteen years and [C.M.] was under the age of fourteen
then you shall find Raymond Helton Friley, Jr., guilty of molestation.
If the State has failed to prove any one or more of the above listed elements beyond a reasonable doubt, then you shall find Raymond Helton Friley, Jr. not guilty of molestation.
The following exchange then took place between the trial judge and defense counsel:
Defense Counsel: Judge, there was nothing brought out about another crime whatsoever. I'm going to object to this one.

Court: Well, I'm almost afraid not to give it Watkins [the defense attorney] but give me your objections. Recent cases from the Supreme Court basically say that the Court should give someI have to give certain instructions and I feel this is one of those that I should give.
Defense Counsel: That you should give?
Court: As a lesser included offense since we doI'm just going from what youwell, I'm just going from the Defendant's version as given by Detective Brown. That is what he (sic) told Detective *661 Brown that in his version there was never any penetration. He does remember touching her.
Defense Counsel: Okay.
Court: I'm going to give it.
¶ 29. Continuing with the review of instructions and the objections, the trial judge next considered the State's Instruction S-3, which read:
The Court instruct the Jury that your verdict may be in one of the following forms:
If you find Raymond Helton Friley, Jr., guilty of sexual battery, then the form of your verdict shall be as follows: "We the Jury, find the Defendant guilty of sexual battery."
If you find Raymond Helton Friley, Jr., not guilty of sexual battery but guilty of the lesser included offense of molestation, then the form of your verdict shall be as follows: "We the Jury, find the Defendant guilty of molestation."...
The following exchange then took place between the trial judge and defense counsel:
Defense Counsel: I have no (sic) objections.
Court: It will be given.
¶ 30. The trial judge also considered the jury instructions submitted by the defendant. Specifically, the defendant offered Instruction D-5, which read:
Raymond Friley has been charged in this case with the offense of sexual battery.
If you find from the evidence in this case beyond a reasonable doubt that:
1. Raymond Friley, on or about six or seven years ago in Warren County, Mississippi, engaged in sexual penetration with [C.M.], by rubbing his hand over the vagina, without her consent, then you shall find the Defendant guilty as charged.
2. If the prosecution has failed to prove any one or more of the above listed elements beyond a reasonable doubt, then you shall find Raymond Friley not guilty of sexual battery.
(emphasis added). The following exchange then took place between the trial judge and the prosecutor:
Prosecutor: The State objects to D-5 in that it is redundant and that it is contained in S-1.
Court: It is in S-1 but actually it is in S-2. You kind of combined the two of them because by rubbing his hand over the vagina is notrubbing over the sexual penetration and also it is not sexual battery, the touching. I think S-3 and S-4 adequately defines the kind ofthat he has bee charged with through the indictment in S-3 and from the testimony given by Detective Brown as to what the Defendant said that he did. The Court, the jury could find that he did, in fact, commit the crime ofgiven the testimony of Detective Brown of what the Defendant said he did and what [C.M.] said he did, the jury could find that he did commit the crime of unlawful touching for licentious purposes. So I'm going to refuse D-5.
(emphasis added).
¶ 31. Instruction S-2 included the elements necessary to find the defendant guilty of sexual battery (Miss.Code Ann. § 97-3-95) or child fondling (Miss.Code Ann. § 97-5-23). The defense attorney began to assert an objection on the ground that "there was nothing brought out about another crime whatsoever." The defense attorney did not object on the grounds that the indictment was improper, that he was not charged in the indictment with child fondling or that child fondling was not a lesser-included offense of sexual battery. *662 Indeed, when the trial judge asked defense counsel to state "his objections," the attorney declined to do so and simply responded "okay". From the record, the remarks by defense counsel were not sufficient to preserve the issue for appeal. However, to the extent this statement qualified as an objection, the grounds for such objection merely addressed whether there was sufficient evidence to justify the instruction. The trial judge, relying on the testimony from Detective Brown and the victim, correctly determined that there was sufficient evidence for the jury to find an unlawful touching instead of actual penetration required for sexual battery.
¶ 32. The State offered S-3 as the form of the verdict. In response, the defendant's attorney made no objection to Instruction S-3. Apparently, the defendant had abandoned the objection he previously began to assert.
¶ 33. I find no other reference in the record that defense counsel ever objected to the trial judge's consideration of the charge of child fondling (Miss.Code Ann. § 97-5-23) on the grounds that it was not a lesser-included offense to sexual battery. The record before this Court contains numerous instances where the Court and both counsel referred to or described the charges against the defendant as "molestation," "unconsensual sex," "sexually abusing," "sexually assaulting," "molested," and "sexual assault," in addition to "sexual battery." Likewise, according to the jury instruction offered by the defendant, the defendant and his counsel were clearly aware that the charges resulted from the defendant's unlawful touching of the genital area of a minor. Certainly, jury instruction D-5 describes conduct which would constitute fondling instead of sexual battery.
¶ 34. Accordingly, Friley failed to preserve his objection in a timely manner and failed to articulate a specific objection. Therefore, it was waived.

II. The jury was properly instructed that child fondling/molestation is a lesser-included offense to sexual battery.
¶ 35. Next, the majority's opinion is premised on the incorrect conclusion that child molestation or fondling (Miss.Code Ann. § 97-5-23) is not a lesser-included offense of sexual battery (Miss.Code Ann. § 97-3-95).
¶ 36. Friley was indicted for the crime of sexual battery. The crime of sexual battery is codified at Miss.Code Ann. §§ 97-3-95 through 97-3-104. Within certain age restrictions, a person commits the crime of sexual battery "if he or she engages in sexual penetration with: (a) [a]nother person without his or her consent." Miss.Code Ann. § 97-3-95 (Rev. 2000). "Sexual penetration" is statutorily defined in Section 97-3-97(a):
"Sexual penetration" includes cunnilingus, fellatio, buggery or pederasty, any penetration of the genital or anal openings of another person's body by any part of a person's body, and insertion of any object into the genital or anal openings of another person's body.
¶ 37. The crime of child fondling/molestation is codified in Miss.Code Ann. § 97-5-23(1), which in pertinent part, provides:
Any person above the age of eighteen (18) years, who, for the purpose of gratifying his or her lust, or indulging his or her depraved licentious sexual desires, shall handle, touch or rub with hands or any part of his or her body or any member thereof, any child under the age of sixteen (16) years, with or without the child's consent, ..., shall be guilty of a felony....
*663 ¶ 38. The majority cites the Mississippi Supreme Court's decision in Hailey v. State, 537 So.2d 411 (Miss.1988) and this Court's decision in Brady v. State, 722 So.2d 151 (Miss.Ct.App.1998).
¶ 39. The majority's opinion states that Hailey v. State, 537 So.2d 411, 416-17 (Miss.1988) stands for the proposition that "[t]he Mississippi Supreme Court has reversed a conviction of child fondling where the charge of child fondling was not an additional count in the indictment." This is not an accurate description of the holding in Hailey. The supreme court held that an indictment for forcible rape, pursuant to Miss.Code Ann. § 97-3-65(2), did not sufficiently inform the defendant that he may face a criminal charge of child fondling, Miss.Code Ann. § 97-5-23. Hailey, 537 So.2d at 413.
¶ 40. Next, the majority cites Hailey and Brady v. State for the proposition that "molestation [Miss.Code Ann. § 97-5-23] is not a lesser-included offense of sexual battery." Hailey, 537 So.2d at 414; Brady v. State, 722 So.2d 151(¶ 36) (Miss. 1998).
¶ 41. Hailey was indicted for the crime of forcible rape, pursuant to Miss.Code Ann. § 97-3-65(2), of a thirteen-year-old girl. Hailey, 537 So.2d at 412. At the time of the offense, Miss.Code Ann. § 97-3-65(2)[3] provided:
Every person who shall forcibly ravish any female of the age of twelve (12) years or upward or who shall have been convicted of having carnal knowledge of any female above the age of twelve (12) years, without her consent, by administering to her any substance or liquid which shall produce such stupor or such imbecility of mind or weakness of body as to prevent effectual resistance, upon conviction shall be imprisoned ...
Hailey, 537 So.2d at 414. The trial judge submitted a lesser-included offense instruction on child fondling, and the jury found Hailey guilty on the charge of child fondling. Id. at 412-13. The court considered whether fondling was a lesser-included offense to forcible rape and interpreted Miss.Code Ann. § 99-19-5 (1972), which provides:
Findings of jury. On an indictment for any offense the jury may find the defendant guilty of the offense as charged, or of any attempt to commit the same offense, or may find him guilty of an inferior offense, or other offense, the commission of which is necessarily included in the offense with which he is charged in the indictment, whether the same be a felony or misdemeanor, without any additional count in the indictment for that purpose.

Hailey, 537 So.2d at 414 (emphasis in original).
¶ 42. The court concluded that forcible rape (Miss.Code Ann. § 97-3-65(2)) required proof of force and actual penetration, which child fondling (Miss.Code Ann. § 97-5-23) did not. Hailey, 537 So.2d at 416. Therefore, the court held that child fondling was not a lesser-included offense of forcible rape, and an instruction for child fondling was not proper. Id. at 416-17.
¶ 43. Interestingly, the Hailey court discussed McBrayer v. State, 467 So.2d 647 (Miss.1985). In McBrayer, the defendant was a forty-six-year-old man who engaged in a consensual sexual relationship with a thirteen-year-old girl. The court's opinion failed to identify whether the defendant was indicted on the charge of child fondling or statutory rape. However, he was convicted under the child fondling statute, Miss.Code Ann. § 97-5-23. *664 McBrayer, 467 So.2d at 647-48. On appeal, the defendant asserted that the statutory rape statute, Miss.Code Ann. § 97-5-21 (Supp.1984)[4], was applicable rather than the child fondling statute. McBrayer, 467 So.2d at 647-48.
¶ 44. At the time of McBrayer's alleged offense, the statutory rape statute made it a crime to seduce a child under the age of eighteen who "is of previously chaste character." Id. at 647. The court reviewed the statutory scheme established according to the statutory rape and child fondling statutes and held that:
sexual intercourse with a child under the age of 14, not of a previously chaste character, is no crime, while the foreplay leading to that intercourse can lead to a ten year prison term. We will not impute to the Legislature the intention to achieve such illogical and arbitrary results absent a more express declaration than we have been given.
Id. at 648. The court concluded that the statutory rape statute controlled and, since the minor was not of "previously chaste character," the defendant had committed no crime. Id. The court, therefore, reversed McBrayer's conviction for fondling. Id. at 648-49.
¶ 45. In Hailey, the court held "[w]e expressly decline to overrule McBrayer by noting it did not address the question of whether child fondling is a necessarily included offense of rape." Hailey, 537 So.2d at 415. Hailey can reasonably be interpreted for the sole proposition that child fondling is not a lesser-included offense of forcible rape.
¶ 46. In Brady, the defendant was indicted and convicted of sexual battery involving a nine-year-old girl. Brady, 722 So.2d at 153(¶ 1). On appeal, Brady asserted that the trial court erred by not allowing an instruction on fondling as a lesser-included offense of sexual battery. Id. at 159(¶ 31). This Court, citing Hailey, held that fondling was not a lesser-included offense of sexual battery. Id. at 160(¶ 36). This Court's reliance on Hailey was misplaced.
¶ 47. In both McBrayer and Hailey, the Mississippi Supreme Court has attempted to determine the proper construction of statutes criminalizing sexual relationships between adults and children. McBrayer, 467 So.2d at 648. In 1985, the court in McBrayer dealt with a statutory rape statute, Miss.Code Ann. § 97-5-21, that criminalized the "seduction of a child under the age of 18, provided the child is `of previously chaste character.'" Id. at 647. Similarly, in 1988, the Hailey court considered a forcible rape statute, Miss. Code Ann. § 97-3-65(2), that required the perpetrator to "forcibly ravish any female of the age of twelve (12) years or upward." Hailey, 537 So.2d at 414. Since McBrayer and Hailey, the Legislature has amended these statutes and revised the statutory scheme criminalizing sexual relationships, which this Court in Brady failed to consider.
¶ 48. In McBrayer, the supreme court recognized a conflict between the statutes for statutory rape and fondling. McBrayer, 467 So.2d at 648. The court concluded that it made no sense for the Legislature to make it a crime for an adult to fondle a minor under fourteen who was of "unchaste character," but not a crime to have sexual intercourse with her because of her "unchaste character." Id. The court held that to interpret these statutes any other way would allow the fondling statute to *665 "totally subsume the statutory rape statute." Id. It must be noted that Miss.Code Ann. § 97-5-21 has since been repealed. See 1998 Miss. Laws ch. 549, eff. from and after July 1, 1998.
¶ 49. Likewise, in Hailey, the court considered an earlier version of the forcible rape statute, Miss.Code Ann. § 97-3-65(2). Hailey, 537 So.2d at 413-14. At the time Hailey was indicted, the forcible rape statute, Miss.Code Ann. § 97-3-65(2), provided:
Every person who shall forcibly ravish any female of the age of twelve (12) years or upward or who shall have been convicted of having carnal knowledge of any female above the age of twelve (12) years, without her consent, by administering to her any substance or liquid which shall produce such stupor or such imbecility of mind or weakness of body as to prevent effectual resistance, upon conviction shall be imprisoned ...
(emphasis added). The Legislature has since amended this statute to make consent or force irrelevant for children under the age of fourteen. See 1985 Miss. Laws ch. 389, eff. from and after July 1, 1985. The Hailey court considered the differing elements of both fondling and forcible rape and concluded that fondling could not be a lesser-included offense of rape because fondling did not require proof of penetration and force. Id. at 416. Since consent and force are no longer required when the child is under fourteen, the reasoning in Hailey is no longer sound.
¶ 50. In Brady, this Court should not have relied on Hailey, nor should the majority rely on it now. Brady is also distinguishable from the instant case. In Brady, the defendant requested a lesser-included offense on fondling, but it was denied. Brady, 722 So.2d at 158(¶ 31). On appeal, this Court held that he was not entitled to it because there was "no evidence introduced by the State or introduced by Brady which would indicate that Brady was guilty of anything other than sexual battery." Id. at 161(¶ 39). In the case before this Court, the trial judge accurately identified the testimony that was introduced to support the instruction.
¶ 51. Furthermore, in Brady, this Court considered the elements of sexual battery versus child fondling. Id. at 161(¶ 36). This Court determined that a difference in the statutes was that sexual battery required "no specific intent" and fondling required that the "offending act was performed for the purpose of gratifying the lust or indulging licentious sexual desires of the person committing the crime." Id. I find this reasoning to defy logic. The intent necessary is included in the very definition of the crime, i.e., "sexual" battery. Miss.Code Ann. § 97-3-95 (Rev.2000). I can see no instance where a person would "sexually" penetrate the genital or anal opening of a child, or "penetrate" a child in a manner as defined in Section 97-3-97(a), that would not be for the "purpose of gratifying his or her lust, or indulging his or her depraved licentious sexual desires," as required under Miss. Code Ann. § 97-5-23.
¶ 52. In Roberson v. State, 501 So.2d 398, 400-01 (Miss.1987), the supreme court made it clear that the conduct criminalized in the sexual battery statute was "sexual" penetration. According to the majority opinion, Roberson was not considered by this Court in Brady. In Roberson, the defendant was convicted of sexual battery of a ten-year-old girl. Id. at 399. On appeal, the defendant challenged the constitutionality of the sexual battery statute, arguing that it was unconstitutionally vague. Id. Roberson's reasoning was that the fondling statute specifically laid out the intent necessary to convict, which is gratification of lust, while the sexual battery *666 statute did not. Id. at 400. Roberson argued that the "sexual battery statute criminalized any penetration whatsoever of the genital or anal openings of a child under the age of twelve and that a physician's otherwise innocent insertion of an object into the genital or anal openings of a child would necessarily be a criminal act under the statute" and that a parent would similarly be subject to prosecution for the same type of innocent act. Id. A unanimous supreme court held:
Although, on its face, the definition of sexual penetration announced in § 97-3-97 encompasses any penetration, the Court holds the parameters of the definition of sexual penetration are logically confined to activities which are the product of sexual behavior or libidinal gratification, not merely the product of clinical examinations or domestic, parental functions. As stated in U.S. v. Harriss, 347 U.S. at 618, 74 S.Ct. 808, "[I]f [the] general class of offenses can be made constitutionally definite by a reasonable construction of the statute, this Court is under a duty to give the statute that construction."
Roberson, 501 So.2d at 400-01 (emphasis added).
¶ 53. A lesser-included offense instruction may be given if the more serious offense includes all the elements of the lesser offense. Sanders v. State, 479 So.2d 1097, 1108 (Miss.1985). Roberson clearly establishes that the "sexual penetration" referred to in Miss.Code Ann. § 97-3-95 results only from sexual behavior or libidinal gratification. Roberson, 501 So.2d at 400-01. Thus, the statutory construction of Miss.Code Ann. § 97-5-23 criminalizes any action by an adult to "handle, touch or rub" a child for any "sexual" purpose, and Miss.Code Ann. § 97-3-95 imposes a more substantial penalty for any similar conduct which "sexually" penetrates the genital or anal openings of a child, including by definition actions that consist of cunnilingus, fellatio, buggery or pederasty.
¶ 54. The majority's interpretation of these statutes ignores the actions that are statutorily defined as penetration. One who engages in "cunnilingus, fellatio, buggery or pederasty" with a child also touches, handles or rubs the genitals of a child. One who actually penetrates the genital or anal openings of a child must also touch, handle or rub the genital or anal openings of a child. Indeed, the evidence in this case was that Friley placed his hand down the victim's pants and the jury was to decide whether he (a) touched, handled or rubbed her genital area, or (b) proceeded further to use his finger(s) to actually "penetrate" her vagina. Surely, the legislative intent of these statutes, contrary to the majority's reasoning, is to provide different punishment based solely on the invasiveness of such actions. If a person "sexually" touches, handles or rubs the genitals then the punishment is two to fifteen years. See Miss.Code Ann. § 97-5-23 (Rev.2000). If a person "sexually" penetrates the victim, which includes actual penetration or as it is statutorily defined, then the punishment is not more than thirty years. See Miss.Code Ann. § 97-3-101(1) (Rev.2000). To consider the fondling statute as a lesser-included offense would not nullify the fondling statute, as the majority suggests. Instead, it would simply give proper construction to these statutes that provide for progressive punishment for progressively worse crimes.
¶ 55. The majority also states that "molestation is recognized as a separate offense from sexual battery as defendants are frequently charged with both crimes simultaneously." However, each of the cited cases deals with separate crimes that resulted from separate and distinct sexual *667 encounters. See Byars v. State, 835 So.2d 965(¶ 3) (Miss.Ct.App.2003) ("Byars had sexually molested her on three different occasions"); Taylor v. State, 836 So.2d 774(¶ 4) (Miss.Ct.App.2002) (three separate incidents of sexual abuse-where he either inserted his penis and his finger in her vagina or rubbed her vagina while he masturbated); and Todd v. State, 806 So.2d 1086(¶ 1) (Miss.2001) (four separate "sexual encounters").
¶ 56. Accordingly, I would affirm the lower court's conviction of Friley.
MYERS AND CHANDLER, JJ., JOIN THIS SEPARATE OPINION.
NOTES
[1] The words "fondling" and "unlawful touching" are also used interchangeably with molestation when referring to a crime committed under Miss.Code Ann. § 97-5-23 (Rev.2000).
[2] Miss.Code Ann. § 97-5-23 has been identified and referred to by many different names. Regardless of whether it is described as the molestation statute, the child fondling statute, the gratification of lust statute, or the unlawful touching statute, the applicable statute under consideration is Miss.Code Ann. § 97-5-23.
[3] The court specifically noted that this statute had since been amended. Id. n. 1.
[4] This statute has since been repealed. See 1998 Miss. Laws ch. 549, eff. from and after July 1, 1998.