872 So.2d 724 (2004)
Timothy DUPUIS, Appellant
v.
STATE of Mississippi, Appellee.
No. 2002-KA-00183-COA.
Court of Appeals of Mississippi.
May 11, 2004.
*725 Joseph A. Fernald, Brookhaven, attorney for appellant.
Office of the Attorney General by Jean Smith Vaughan, attorney for appellee.
EN BANC.

MODIFIED OPINION ON MOTION FOR REHEARING
GRIFFIS, J., for the Court.
¶ 1. The Appellant's motion for rehearing is denied. The original opinion is withdrawn, and this opinion is substituted.
¶ 2. Timothy Dupuis was convicted of touching a child for lustful purposes, Miss. Code Ann. § 97-5-23(1) (Rev.2000).[1] Aggrieved by the judgment of conviction, Dupuis appeals the verdict and seeks relief in the form of a reversal of the jury's verdict and acquittal. Finding no error, we affirm.

FACTS
¶ 3. On Easter Sunday, April 15, 2001, Bob and Susan Smith's[2] two daughters spent the night with his sister, Nancy Dupuis, and her husband, Timothy Dupuis. The Dupuises had two children living with them, a teenage son and a young boy. Nancy and Timothy Dupuis slept in their bedroom and the Smith girls along with the Dupuises's youngest son slept in the *726 living room. At some point in the evening, the Dupuises's oldest son came home and he slept in his room.
¶ 4. The next morning around 5:30 a.m., Bob Smith received a telephone call. It was his oldest daughter, Jenny, who was under the age of fourteen. She asked to speak to her mother. When Susan took the phone, her daughter was crying and told her that, "Uncle Tim messed with me." Susan immediately went to the Dupuises's home and found Jenny wrapped in a blanket crying. Susan woke the other children and Nancy Dupuis, and she explained what had happened. Susan called the police and her husband and told them to meet her at the hospital.
¶ 5. When they arrived at the hospital, Jenny was interviewed and examined by a nurse and then a doctor. She told the nurse that "her uncle messed with her this morning." Jenny told the nurse that she woke up on the couch and her uncle was rubbing her back and legs telling her she was beautiful. She said that she pretended to be asleep and he told her to spread her legs so he could feel her. Jenny told the nurse, "he started rubbing my thing and put his fingers up in me and moved them around." The doctor examined Jenny, and she told him what happened. He performed a pelvic examination and a urinalysis. Neither of these test revealed any abnormalities or trauma.
¶ 6. Jenny was also interviewed by a counselor at the Children's Advocacy Center in McComb. Again, Jenny identified Dupuis and told the counselor he had "messed with her."
¶ 7. Based on Jenny's testimony, Timothy Dupuis was indicted for the crime of sexual battery, pursuant to Mississippi Code Annotated Section 97-3-95. At trial, the jury heard testimony from several witnesses for the State including the medical staff who examined Jenny, her counselor, her mother and Jenny herself. Jenny testified that Dupuis, "stuck his fingers inside my panties, inside of my private, with his finger." Dupuis testified in his own defense along with his older son. Dupuis stated that he did not touch Jenny or molest her.
¶ 8. Both the State and Dupuis submitted a jury instruction on the form of the verdict. Both instructions asked the jury to decide whether Dupuis was guilty of sexual battery, guilty of touching and handling a child for lustful purposes, or not guilty. The court granted the State's version of the form of the verdict instruction and denied Dupuis' instruction, finding it a duplicate of the State's instruction. The jury found Dupuis guilty of touching a child for lustful purposes, pursuant to Mississippi Code Annotated § 97-5-23(1) (Rev.2000), and he was sentenced to a term of fifteen years in the custody of the Mississippi Department of Corrections.
¶ 9. Dupuis appeals to this Court asserting that (1) the verdict is against the overwhelming weight of the evidence and contrary to the instruction of law; (2) the State violated a motion in limine and the Mississippi Rules of Evidence by trying to elicit testimony of prior bad acts of Mr. Dupuis; and (3) no physical evidence or corroborating medical evidence existed to support the allegation of touching for lustful purposes. Since issues one and three challenge the weight of the evidence, they will be discussed together. On rehearing, Dupuis argues that it was plain error for the court to convict him of a crime for which he was not indicted.

ANALYSIS AND DISCUSSION OF LAW

I. Whether the verdict is against the overwhelming weight of the evidence and contrary to the instruction of law as given by the court.
¶ 10. Dupuis alleges the evidence presented by the prosecution could *727 not have supported a guilty verdict. He asserts that no physical evidence was presented to support the assault, and the verdict was based entirely on the testimony of the victim and her report to the social worker. The Mississippi Supreme Court has often held that issues regarding the weight and credibility of evidence lie with the jury. Eakes v. State, 665 So.2d 852, 872 (Miss.1995). We will reverse only where the evidence, as to at least one of the elements of the crime charged, is such that a reasonable and fair minded juror could not find the accused guilty. Id. This Court will order a new trial only when it is convinced that the verdict is so contrary to the overwhelming weight of the evidence that to allow it would sanction an unconscionable injustice. Id. In determining whether a jury verdict is against the overwhelming weight of the evidence, this Court accepts as true all evidence which supports the verdict and will reverse only when convinced that the trial court has abused its discretion in failing to grant a new trial. Id.
¶ 11. The record indicates Dupuis filed a motion for a new trial which challenged the sufficiency of the evidence. Dupuis states in his brief the trial court denied the motion on February 4, 2002. However, the record does not show that the trial court ever entered an order denying Dupuis's motion for a new trial. Additionally, it appears from the trial transcript that Dupuis made a motion for a directed verdict at the end of the prosecution's case, but failed to renew his motion at the conclusion of the presentation of evidence.
¶ 12. In Harris v. State, 413 So.2d 1016, 1018 (Miss.1982), the supreme court held:
It is elemental that after a motion for directed verdict is overruled at the conclusion of the State's evidence, and the appellant proceeds to introduce evidence in his own behalf, the point is waived. In order to preserve it, the appellant must renew his motion for a directed verdict at the conclusion of all the evidence.
¶ 13. If any error existed in the court's refusal to grant Dupuis a directed verdict at the close of the State's case-in-chief, Dupuis waived it when he proceeded to present evidence on his behalf. Because Dupuis did not renew this motion by way of a motion for a directed verdict at the conclusion of the evidence or by a motion for a peremptory instruction, any objection he had to the sufficiency of the evidence was waived. Id.
¶ 14. Furthermore, while an order denying the motion for a new trial was entered by the trial court, Dupuis admits that the trial court did in fact deny the motion on February 4, 2002. It is the responsibility of the movant to obtain a ruling on all motions filed by them, and the failure to obtain a ruling constitutes a waiver. Martin v. State, 354 So.2d 1114, 1119 (Miss.1978). Consequently, this assignment of error is not properly before this Court.

II. Whether the state violated a motion in limine and the Mississippi Rules of Evidence by trying to elicit testimony of prior bad acts.

¶ 15. Dupuis asserts that a motion in limine was filed to exclude any mention of a prior conviction; however, no ruling on the motion was included in the record on appeal. As stated earlier, it is the Appellant's duty to obtain a ruling on his motion and to present a record which adequately reflects the alleged error. Presumably, the judge ruled on the motion; we simply do not have the benefit of his findings. "In absence of anything in the record appearing to the contrary, this *728 Court presumes that the trial court acted properly." Moawad v. State, 531 So.2d 632, 635 (Miss.1988).
¶ 16. From Dupuis's brief, he contends the State tried to introduce testimony about his prior bad acts through questioning him about why his daughter no longer lives with him. He also claims the State tried to elicit this evidence from his oldest son when they cross-examined him. With regard to Dupuis's testimony, the record shows that while his attorney objected to "the form of the question," he did not specifically state his objection on the record, nor did he base his objection on any rule violation or motion in limine. With regard to the testimony of his son, Dupuis objected to "the line of questioning." He never stated any rule violation nor mentioned the motion in limine.
¶ 17. A timely objection stating the specific ground of objection is required under M.R.E. 103(a) if error is to be predicated upon a ruling which admits evidence. Oates v. State, 421 So.2d 1025, 1030 (Miss. 1982); Edwards v. State, 723 So.2d 1221, 1231(¶ 38) (Miss.Ct.App.1998). We find that Dupuis failed to properly preserve the alleged error for appellate review.
¶ 18. Furthermore, even if Dupuis made a proper objection, questions about where Dupuis and his son lived, who lived with them, how many family members each had were asked on direct examination. Also, questions were asked as to who was present in the home the morning of the incident. Therefore, the State was allowed to explore the reasons for the answers on cross-examination. Moreover, Dupuis's prior conviction was for indecent exposure. Questions by the State concerning Dupuis's daughter are unrelated to this conviction. We fail to see how this line of questioning would have violated the motion in limine or any rule of evidence. The trial judge's decision overruling Dupuis's objections was proper. We find no error and affirm.

IV. Whether it was plain error for the court to convict Dupuis of the crime of touching and handling a child for lustful purposes when he was indicted for sexual battery.

¶ 19. On rehearing, Dupuis argues that it was plain error for the trial court to convict him under the unlawful touching statute (Mississippi Code Annotated Section 97-5-23(1) (Rev.2000)) when he was indicted for the crime of sexual battery (Mississippi Code Annotated Section 97-3-95 (Rev.2000)).
¶ 20. Here, Dupuis's counsel made no objection to the State's form of the verdict instruction or to the State's instruction that discussed the elements necessary to prove that Dupuis was guilty under the unlawful touching statute. We have held many times that if no contemporaneous objection is made, the error, if any, is waived. Walker v. State, 671 So.2d 581, 597 (Miss.1995). Dupuis' failure to object would normally bar the assignment of error on appeal. However, "[t]he defendant who fails to make a contemporaneous objection must rely on plain error to raise the assignment on appeal." Foster v. State, 639 So.2d 1263, 1289 (Miss.1994). Dupuis contends that it was plain error for the court to convict him of a crime for which he was not indicted.
¶ 21. Dupuis relies on the following language from Box v. State, 241 So.2d 158, 159 (Miss.1970):
Before a person may be punished on a felony charge the court must have jurisdiction of the charge and the person.... It is the indictment by a grand jury that gives the court jurisdiction of a felony charge and without an indictment the *729 court has no jurisdiction to proceed in a felony case.
Box, however, was overruled by the Mississippi Supreme Court in Jefferson v. State, 556 So.2d 1016, 1021 (Miss.1989).
¶ 22. Recently, in Pittman v. State, 836 So.2d 779, 786 (¶ 32) (Miss.Ct.App.2002), we held:
The Supreme Court recently examined whether there are lesser-included offenses to statutory rape and concluded that there might not be. "The lustful touching of a child under fourteen is not necessarily a lesser included offense of statutory rape. Lustful touching is, however, a lesser related offense." Richardson v. State, 767 So.2d 195, 200 (Miss.2000). The elements of a lesser, non-included offense are not all contained in the greater. Therefore, such an offense is not automatically charged in an indictment charging the greater. Miss.Code Ann. § 99-19-5 (Rev.2000). When a defendant requests a lesser nonincluded offense instruction, the absence of an indictment on that offense is waived. Griffin v. State, 533 So.2d 444, 448 n. 2 (Miss.1988).
¶ 23. In Friley v. State, 856 So.2d 654, 656(¶ 6) (Miss.Ct.App.2003), this Court held that unlawful touching is not a lesserincluded offense of sexual battery. However, in Friley, Raymond Friley was indicted for sexual battery, and the State offered jury instructions on the crimes of sexual battery and unlawful touching. Id. at 655(¶ 5). The court allowed both instructions to be given and held that unlawful touching was a lesser-included offense of sexual battery. Id. at 656(¶ 6). Friley objected to this instruction. Id. at 657(¶ 13). This Court reversed and rendered, finding "no reason or legal authority to allow this lesser offense instruction. The prosecutor and the trial court confused the jury by allowing them to consider an erroneous instruction. We find that to allow Friley to be convicted of a crime for which he was never charged would create an injustice." Id. at 656(¶ 8).
¶ 24. The difference in the outcome of Friley and this case is due to our holding in Pittman. Here, Dupuis submitted an instruction that allowed the jury to consider unlawful touching as a lesser offense. In Friley, this Court determined that the defendant objected to the instruction. Id. at 657(¶ 13). Here, Dupuis did not object. Instead, Dupuis offered an instruction on the form of verdict that asked the jury to determine whether he was (a) guilty of the crime of sexual battery, (b) guilty of the lesser crime of touching and handling a child for lustful purposes, or (c) not guilty. It is apparent that Dupuis decided, as a matter of trial strategy, that he wanted the jury to have the option of finding him guilty of the lesser offense of unlawful touching. Accordingly, the lack of an indictment on the offense of unlawful touching was waived. Pittman, 836 So.2d at 786 (¶ 32).
¶ 25. In Brady v. State, 722 So.2d 151, 160-161 (¶ 38) (Miss.Ct.App.1998), we held:
In Gangl v. State, 539 So.2d 132, 136-37 (Miss.1989) the Mississippi Supreme Court stated that the evidentiary standards for granting a lesser-offense instruction and a lesser-included offense instruction are the same. That court stated:
The better rule in cases such as this is that the defendant may request an instruction regarding any offense carrying a lesser punishment if the lesser offense arises out of a nucleus of operative fact common with the factual scenario giving rise to the charge laid in the indictment. See Griffin v. State, 533 So.2d 444, 447-48 (Miss. 1988).

*730 Of course, lesser offense instructions should not be granted indiscriminately, and only where there is an evidentiary basis in the record. (citations omitted). The evidentiary standard is the same as for lesser included offense instructions, and is laid out in Harper v. State, supra, [478 So.2d 1017] at 1021 [(Miss.1985)]. Consequently, where as in the instant case, the evidence warrants it, the accused is entitled as a matter of right, upon proper request, to a lesser offense instruction the same as he would be entitled to a lesser included offense instruction. Griffin v. State, supra.
¶ 26. Here, there was a common nucleus of operative facts and the record contained an evidentiary basis for the court to grant an instruction on the lesser offense of unlawful touching. Dupuis offered an instruction that would allow the jury to find him guilty of a lesser offense.[3] Accordingly, the trial court did not commit plain error when it granted Dupuis the lesser offense instruction, which he was entitled as a matter of right.
¶ 27. Therefore, we find no error and affirm.
¶ 28. THE JUDGMENT OF THE LINCOLN COUNTY CIRCUIT COURT OF CONVICTION OF TOUCHING A CHILD FOR LUSTFUL PURPOSES AND SENTENCE OF FIFTEEN YEARS, TO SERVE THE FIRST 168 MONTHS CONSECUTIVELY AND DAY-FOR-DAY, IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND THE REMAINING ONE YEAR SUSPENDED FOR FIVE YEARS' PROBATION AND A $5,000 FINE IS AFFIRMED. COST OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES, AND SOUTHWICK, P.JJ., THOMAS, LEE, MYERS AND CHANDLER, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.
NOTES
[1] Mississippi Code Annotated Section 97-5-23(1) has been identified and referred to by many different names. Regardless of whether it is described as the unlawful touching statute, the molestation statute, the child fondling statute, or the gratification of lust statute, Section 97-5-23(1) makes it unlawful for:

Any person above the age of eighteen (18) years, who, for the purpose of gratifying his or her lust, or indulging his or her depraved licentious sexual desires, shall handle, touch or rub with hands or any part of his or her body or any member thereof, any child under the age of sixteen (16) years, with or without the child's consent, ..., shall be guilty of a felony and, upon conviction thereof, shall ... be committed to the custody of the State Department of Corrections not less than two (2) years nor more than fifteen (15) years,....
[2] The names of the victim and her family have been changed in this opinion to protect their identity.
[3] Under the sexual battery statutes, Mississippi Code Annotated Section 97-3-95 et seq., Dupuis faced "life in the State Penitentiary or such lesser term of imprisonment as the court may determine, but not less than twenty (20) years." Miss.Code Ann. § 97-3-101(3)(Rev.2000). Under the unlawful touching statute, Dupuis faced imprisonment of "not less than two (2) years nor more than fifteen (15) years." Miss.Code. Ann. § 97-5-23(1) (Rev.2000).