873 So.2d 1040 (2004)
Cameron TODD, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2003-CA-00374-COA.
Court of Appeals of Mississippi.
May 18, 2004.
*1041 John P. Fox, Houston, Jim Waide, attorneys for appellant.
Office of the Attorney General by Charles W. Maris, attorney for appellee.
THOMAS, J., for the Court.
¶ 1. Cameron Todd appeals an order of the Circuit Court of Chickasaw County denying his petition for post-conviction relief. Aggrieved, Todd asserts the following issue on appeal:
I. THE LOWER COURT ERRED IN DENYING TODD'S MOTION FOR POST-CONVICTION RELIEF BECAUSE THERE IS A SUBSTANTIAL DISPUTE AS TO THE AUTHENTICITY OF THE ALLEGED VICTIM'S LETTER RETRACTING HER CLAIM THAT SHE HAD SEX WITH TODD, AND A NEW TRIAL SHOULD BE HELD SO THAT A JURY CAN DETERMINE WHETHER OR NOT THE ALLEGED VICTIM HAS RECANTED HER CLAIM THAT SHE HAD SEX WITH TODD.
Finding no error, we affirm.

PROCEDURAL HISTORY AND FACTS
¶ 2. On March 4, 1999, Cameron Todd was indicted in the Chickasaw County Circuit *1042 Court on three counts of sexual battery and one count of fondling perpetrated against a female child who was under the age of fourteen at the time of the alleged incidents. The jury was unable to reach a verdict in Todd's first trial. In Todd's second trial, he was convicted and sentenced to twenty years' imprisonment with eight years suspended on each of the three sexual battery counts and ten years with eight years suspended on the fondling count. Todd filed a direct appeal with five assertions of error and on November 8, 2001, the Mississippi Supreme Court affirmed Todd's conviction and sentence. Todd v. State, 806 So.2d 1086 (Miss.2001). Rehearing was denied on February 7, 2002.
¶ 3. Todd applied to the Mississippi Supreme Court for permission to file a motion for post-conviction relief, which was granted on August 16, 2002. A hearing was held in the Circuit Court of Chickasaw County in January 2003 and the trial judge denied the relief requested by Todd. Todd then perfected an appeal to this Court.

ANALYSIS
I. DID THE LOWER COURT ERR IN DENYING TODD'S MOTION FOR POST-CONVICTION RELIEF BECAUSE THERE IS A SUBSTANTIAL DISPUTE AS TO THE AUTHENTICITY OF THE ALLEGED VICTIM'S LETTER RETRACTING HER CLAIM THAT SHE HAD SEX WITH TODD, AND SHOULD A NEW TRIAL BE HELD SO THAT A JURY CAN DETERMINE WHETHER OR NOT THE ALLEGED VICTIM HAS RECANTED HER CLAIM THAT SHE HAD SEX WITH TODD?
¶ 4. Todd asserts that the lower court erred in denying his motion for post-conviction relief because there is a dispute as to the authenticity of the victim's letter retracting her claim of having sex with Todd. At trial, Todd attempted to introduce a letter purportedly written by E.K. recanting her charges against Todd. The trial court held a hearing out of the presence of the jury in order to determine the letter's authenticity. E.K. denied having written, signed, or ever seen the letter, and the trial court did not admit it into evidence. Jimmy Hester testified that he had seen E.K.'s writing before and he recognized the writing in the letter as being hers. The trial court, after reviewing the letter and copies of E.K.'s signature and balancing this with E.K.'s denial adhered to its earlier ruling.
¶ 5. During post-trial motions, Todd again tried to authenticate the letter purportedly written by E.K., both through the expert testimony of handwriting analyst Lillian Hutchinson who claimed that the letter was certainly written by E.K. and by challenging the testimony of Timmy Hester, Jimmy's twin brother, who claimed to have faked the letter by tracing other writings of E.K. The State introduced a report of a documents examiner from the Mississippi Crime Lab which stated the opinion that portions of the letter were indicative of tracings and simulation although authorship could not be conclusively determined. In making its findings, the trial court noted that (1) E.K. stated she did not write the letter, (2) Timmy Hester said he did write it, (3) the addressee of the letter indicated that she received the letter from Timothy Hester rather than E.K., (4) the Mississippi Crime Lab examiner indicated that it showed evidence of tracing and simulation but authorship could not be conclusively determined, and (5) the defense's handwriting analyst was not a convincing witness and was reluctant to explain to the court her associations or how she was certified.
*1043 ¶ 6. In his direct appeal to the Mississippi Supreme Court, Todd asserted that the trial court had committed reversible error in refusing to allow the purported recantation letter into evidence. The Supreme Court rejected the issue, stating:
Mississippi Rule of Evidence 901(a) states that "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." M.R.E. 901(a). Todd's interpretation of this rule, apparently, is that if a party can produce any evidence that a document is what it purports to be, then the trial court must consider it authenticated. We decline to adopt such an expansive view.
At a hearing on post-trial motions, Todd offered the following evidence in support of his claim that the letter purportedly written by E.K., recanting her charges against Todd, was authentic: (1) testimony by Jimmy Hester that he recognized E.K.'s handwriting from having seen it on five letters to him, written two years earlier, (2) testimony by handwriting analyst Lillian Hutchinson that E.K. wrote the letter, and (3) Todd's efforts to impeach prosecution witnesses who denied the letter's authenticity. Balanced against this evidence are the following factual findings upon which the trial court relied in ruling against authentication: (1) E.K. denied having written the letter, (2) Tim Hester admitted to having forged the letter, (3) the person who provided the letter to Todd's counsel indicated that she received the letter from Tim rather than E.K., and (4) an analysis by an examiner with the Mississippi Crime Lab indicating that authorship of the letter could not be conclusively determined. The trial court also found that Lillian Hutchison and Jimmy Hester were not credible witnesses.
A trial court's application of Rule 901 is reviewed for abuse of discretion. Ragin v. State, 724 So.2d 901, 903 (Miss. 1998). A trial court's ruling on the admissibility of testimony by an expert witness is also reviewed for abuse of discretion. Hall v. State, 611 So.2d 915, 919 (Miss.1992). On the record before us, we conclude that the trial court did not abuse its discretion in disregarding the testimony of Lillian Hutchison, particularly in light of the trial court's stated concerns about her qualifications and her own admission that she only compared the letter to photocopies of E.K.'s handwriting rather than originals. Nor did the trial court abuse its discretion in disregarding the testimony of Jimmy Hester, who admitted that he had not seen E.K.'s handwriting in two years. Consequently, we have no basis for finding an abuse of discretion regarding the authentication of the letter itself, since the only other evidence supporting its authenticity consisted of vigorous cross-examination of witnesses who otherwise flatly denied the letter's authenticity. This assignment of error is without merit.
Todd, 806 So.2d at 1095-96 (¶¶ 26-28).
¶ 7. At the hearing on his motion for post-conviction relief, Todd presented the testimony of Timmy Hester, who recanted his testimony that he forged the letter and stated that he did not know who wrote the letter. Todd also presented the testimony of the alleged addressee of the letter, Regina McKellar, who testified at first that she received a letter from E.K. that looked like the letter in question, but later admitted that she did not know where the letter came from or how she received it. Arthur Carter also testified that he witnessed E.K. hand a note to McKellar but he did *1044 not know what the note was about. It was noted that Timmy Hester and Todd have interlinked web sites which complain of lack of justice in Mississippi courts. Timmy Hester also testified wearing a yellow ribbon is apparently a symbol used as part of a campaign to free Todd. At the conclusion of the hearing, the trial judge denied Todd's motion for post-conviction relief, finding that the record reflected that no one knew where the letter originated or how it found its way to Todd's attorneys and therefore lacked authentication.
¶ 8. Todd alleges that in failing to admit the letter the trial judge erred as a matter of law and asserts that this Court should review the question de novo. It is the opinion of the State that the question in the case at bar is a factual issue and that the trial judge applied the correct legal standard in his conclusions of law. We agree. The standard of review after an evidentiary hearing in post-conviction relief cases is well settled: "When reviewing a lower court's decision to deny a petition for post-conviction relief this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous. However, where questions of law are raised the applicable standard of review is de novo." Smith v. State, 822 So.2d 298, 299(¶ 3) (Miss.Ct.App. 2001) (quoting Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999)).
¶ 9. This is not a case in which the victim has recanted her testimony and now claims the defendant did not commit the crime. The testimony being recanted was not even given before the jury nor did it serve to incriminate Todd. Todd asserts that since Timmy Hester has recanted his testimony, there is now less reason for the trial court to exclude the letter as unauthenticated. It is Todd's burden in a motion for post-conviction relief to establish the facts by a preponderance of the evidence that he is entitled to the relief he seeks. Payton v. State, 845 So.2d 713, 716 (¶ 8) (Miss.Ct.App.2003). Todd asserts that there is no credible evidence that E.K. did not write the letter. That is patently untrue. E.K. testified that she did not write the letter. The Mississippi Crime Lab examiner's report indicated that the letter was indicative of tracings and simulations. Moreover, it is not the opponent's burden to prove that a document is not what the proponent claims it to be, but rather the proponent must show "evidence sufficient to support a finding that the matter in question is what its proponent claims." M.R.E. 901(a).
¶ 10. "Recanting testimony is exceedingly unreliable, and is regarded with suspicion; and it is the right and duty of the court to deny a new trial where it is not satisfied that such testimony is true." Bradley v. State, 214 So.2d 815, 817 (Miss. 1968). In the case at bar, the witness in question is now admittedly a supporter of Todd. The court below found that Hester was an unreliable witness and that his testimony did not serve to authenticate the letter, simply because he no longer claims to have been its creator. Todd has failed to show that this decision was clearly erroneous.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF CHICKASAW COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING C.J., BRIDGES and SOUTHWICK, P.JJ., LEE, IRVING, MYERS AND GRIFFIS, JJ., CONCUR. CHANDLER, J., NOT PARTICIPATING.