972 So.2d 7 (2007)
Timothy DUPUIS, Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-CA-01635-COA.
Court of Appeals of Mississippi.
November 27, 2007.
*8 David Randall Wade, Jackson, attorney for appellant.
Office of the Attorney General by Deshun Terrell Martin, attorney for appellee.
Before KING, C.J., CHANDLER and CARLTON, JJ.

FACTS
KING, C.J., for the Court.
¶ 1. On June 19, 2001, Dupuis was indicted by a Lincoln County Circuit Grand Jury for sexual battery, in violation of Mississippi Code Annotated Section 97-3-95 (Rev.2006). Dupuis was tried twice-the first trial ended in a mistrial when the jury was unable to reach a verdict. The second trial resulted in Dupuis's conviction of molestation, in violation of Mississippi Code Annotated Section 97-5-23 (Rev.2006). The trial court sentenced Dupuis to fifteen years imprisonment. Attorney Joseph A. Fernald, Jr. represented Dupuis during both trials.
¶ 2. Dupuis filed a direct appeal, and this Court affirmed his conviction in Dupuis v. State, 872 So.2d 724 (Miss.Ct.App.2004). Dupuis then petitioned for re-hearing, which this Court denied, but issued a modified opinion found in Dupuis v. State, 872 So.2d 724 (Miss.Ct.App.2004).
¶ 3. Dupuis sought leave from the Mississippi Supreme Court to proceed in the trial court on an ineffective assistance of counsel claim. Dupuis claimed that his attorney, Fernald, had an actual conflict of interest. Fernald was employed as the Brookhaven City Attorney and simultaneously represented Fernald in a case in which three City of Brookhaven police officers testified for the prosecution.
¶ 4. The supreme court granted the application for leave to proceed and directed the trial court to conduct an evidentiary hearing regarding Dupuis's claims. The circuit court conducted the hearing on July 24, 2006. The court found that there was an actual conflict of interest present, but it declined to grant Dupuis's request for post-conviction relief because it did not find that Dupuis had adequately met his burden of proving that the conflict prejudiced his defense. The court also found that there was sufficient testimony that Dupuis had waived any additional conflicts of interest.
¶ 5. On September 11, 2006, Dupuis timely filed his notice of appeal.

STANDARD OF REVIEW
¶ 6. This Court employs a clearly erroneous standard in reviewing the denial of post-conviction relief motions. Todd v. State, 873 So.2d 1040, 1044(¶ 8) (Miss.Ct. App.2004). Questions of law, however, are reviewed de novo. Forshee v. State, 853 So.2d 136, 139 (¶ 16) (Miss.Ct.App.2003).

ANALYSIS
1. Whether the trial court erred in finding that Dupuis adequately waived his right to conflict-free counsel.
¶ 7. Defendants may waive their right to conflict-free counsel. United States v. Alvarez, 580 F.2d 1251, 1259 (5th Cir.1978). However, the trial judge must ensure that such waivers are not "casually or lightly inferred," but that the defendant's decision is knowingly and voluntarily made. Id. at 1259-60. In cases in which the trial judge has actual notice of a conflict of interest, the Mississippi Supreme Court has held that "the trial judge should affirmatively participate in the waiver decision by eliciting a statement in narrative form from the defendant in indicating that he fully understands the nature of the situation and has knowingly and *9 intelligently made the decision to proceed with the challenged counsel." Littlejohn v. State, 593 So.2d 20, 25 (Miss.1992).
¶ 8. In United States v. Garcia, 517 F.2d 272, 278 (5th Cir.1975) (disapproved on other grounds by Flanagan v. United States, 465 U.S. 259, 263 n. 2, 104 S.Ct. 1051, 79 L.Ed.2d 288 (1984)), the court held that "mere assent in response to a series of questions from the bench may in some circumstances constitute an adequate waiver," but the court should require the accused to personally articulate his intentions to waive this constitutional safeguard.
¶ 9. Dupuis argues that the trial judge failed to make any specific findings that his waiver of the right to conflict-free counsel was done knowingly and intelligently. He asserts that the trial court failed to comply with the requirements of Littlejohn, which required the court to elicit Dupuis's waiver in narrative form. He also argues that his waiver was based on Fernald's representations that he would impeach the police officers' testimony at trial and Fernald failed to do such.
¶ 10. There was no transcript of Dupuis's waiver colloquy in the record. During the post-conviction proceedings, the court relied on the out-of-court, transcribed conversations between Dupuis and Fernald in finding that Dupuis adequately waived the conflict of interest.
¶ 11. The court also relied on the similar testimonies of the trial court judge, Mike Smith, and the prosecutor, Diane Jones. The court accepted Smith's testimony that the colloquy was conducted, Smith observed it, and he followed up on Fernald's statements to insure that Dupuis wanted to waive his rights and continue with Fernald's representation. Smith testified, on cross-examination, to the following:
Dupuis's Counsel: I take it, Your Honor, that you would know, then, had you performed your duty to elicit a narrative from Mr. Dupuis, and that duty being set out, I believe, in the case of Littlejohn v. State, 593 So.2d 20 (Miss.1992), that you had a duty which you were on notice of the actual conflict that you had to elicit a statement in narrative form from the defendant, indicating that he fully understands the nature of the situation, and has knowingly and intelligently made the decision to proceed with the challenged counsel. [I]s that correct?
Judge Smith: I did that.
¶ 12. Jones, the prosecutor, testified to the following during direct examination:
State's Counsel: Do you recall an encounter where a conflict of interest was raised by Attorney Fernald?
Jones: I do.
State's Counsel: When do you recall it happening?
Jones: Well, unfortunately, I don't remember the date. I do recall that it was in open court, it was in this courtroom that Mr. Fernald brought his client in front of the bench where Judge Smith was seated. And he advised the Judge that he needed to go over a potential conflict of interest situation.
My recollection is that he, Mr. Fernald, that is, explained to Mr. Dupuis, in the presence of the Judge, that he was the city attorney. And I believe he also mentioned that he had gone over this previously, privately, with Mr. Dupuis. But, here, it was in open court.
He advised Mr. Dupuis that he was the city attorney, that there were city police officers who were expected to testify in this case. And that if there arose a situation where he had to, you *10 know, get into their truth and veracity, that could be a conflict. Or the mere fact of him representing both the city and the defendant could raise a conflict. And it was Mr. Dupuis's right to object to that situation.
Mr. Fernald also advised Judge Smith that he had, as he is, I believe, required to do by the professional  Rules of Professional Conduct, he had also approached the city mayor and the chief of police and had discussed this situation with all of them[. . . . ]
After  I can't recall exactly what else Mr. Fernald explained to the defendant in the presence of Judge Smith. But concerning whether or not he understood the conflict or the potential conflict situation, and whether he thought there was currently a conflict, did he have any misgivings about Mr. Fernald representing him.
And the defendant repeatedly stated, no, he didn't have any trouble with it, he understood. And I do remember his exact words at the end of it were, I want him to represent me. And that was after Judge Smith had gone back over a fair amount of what Joe Fernald had already said to the defendant in his presence[. . . . ]
¶ 13. The court opined that there was often a good reason for the trial judge's failure to elicit the waiver narrative him or herself-suggesting that in some instances, this would prevent the trial judge from knowing the defendant's theory of the case.
¶ 14. In the present case, the court relied on similar testimonies of the trial judge, prosecutor, defense attorney, and the defendant in finding that Dupuis was informed of his rights and intended to waive these rights to conflict-free counsel. The court accepted Judge Smith's testimony that he witnessed this colloquy and asked follow-up questions to ensure that Dupuis's decision complied with the law.
¶ 15. The circuit court's finding that Dupuis entered into a valid waiver of his right to conflict-free counsel is substantiated by the record. We find that the circuit court did not err in holding that Dupuis adequately waived his right to conflict-free counsel.
2. Whether the trial court erred in finding Dupuis's defense was not prejudiced by his attorney's performance.
¶ 16. Courts apply a two-pronged test, as set forth in Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), in determining if an attorney's conduct has compromised the reliability of the trial's results. Perry v. State, 682 So.2d 1027, 1029 (Miss.1996). In order to prevail on ineffective assistance of counsel claims, a defendant must prove that: (1) his counsel's performance was deficient, and (2) the counsel's deficient performance prejudiced the defense. Strickland, 466 U.S. at 687, 104 S.Ct. 2052.
¶ 17. The court found that Dupuis failed to satisfy the required showing of prejudice in proving his ineffective assistance of counsel claim. Dupuis attacked Fernald's failure to adequately cross-examine the testifying police officers, as well as Fernald's failure to object to the admissibility of a police investigation report. Dupuis alleges that, contrary to Fernald's promises, he was denied the right to confront the witnesses against him due to Fernald's lack of vigorous representation.
¶ 18. The court found that Fernald's limited cross-examination of the police officers was an effective part of his trial strategy in that the first trial ended in a hung jury. The court noted that there was no proffer of the facts that would have been obtained if Fernald had presented a more extensive line of questioning or if he had *11 discredited the police officers. According to the court, Dupuis also failed to show that, if Fernald had suppressed the admission of the police investigation report, the information would have come in otherwise or would have altered the outcome of the case.[1] Finally, the court found that Dupuis's conviction of a lesser offense did not evidence prejudice in his defense.
¶ 19. The Sixth Amendment provides a right to effective assistance of counsel, not errorless counsel. Hall v. State, 735 So.2d 1124, 1127(¶ 10) (Miss.Ct. App.1999). There is a strong presumption that an attorney's conduct is a result of trial strategy. Donerson v. State, 812 So.2d 1081, 1087(¶ 16) (Miss.Ct.App.2001). Trial strategy generally includes an attorney's decision whether or not to file certain motions, call witnesses, ask certain questions, or make certain objections. Foreman v. State, 830 So.2d 1278, 1281(¶ 22) (Miss.Ct.App.2002).
¶ 20. Dupuis fails to provide evidence that, but for his attorney's performance, the trial would have, more likely than not, ended in a different result. The court found that Fernald's conduct clearly fell within the realms of trial strategy and did not amount to ineffective assistance of counsel. This issue is without merit.
¶ 21. THE JUDGMENT OF THE LINCOLN COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
NOTES
[1] The police report, written by Officer Thomas C. Case, concerned his meeting with the victim and her family the day the police received the report of the sexual assault. Judge Smith found that the information in the police report was consistent with the defense's theory of the case. He opined that while the police report contained relevant testimony, it may or may not have been material information, depending on the defendant's theory of the case. The court determined that the admission of the police report did not aid in satisfying the prongs of ineffective assistance of counsel.