JAMES, J.,
concurring in result only:
¶23. I concur with the majority opinion in the result. However, I would find that the dispositive issue is whether the trial court erred in finding that Yar-brough waived the conflict of interest. The majority opinion, along with the trial court, concluded that an actual conflict existed. The trial court found that Yar-brough waived the conflict. The majority opinion ultimately concluded that Yar-brough did not waive the conflict. I am of the opinion that Yarbrough waived the conflict; however, it was not knowingly and intelligently made, and thus the waiver was not valid or effective.[5] Also, Yar-brough maintains that the conflict in this case is so egregious that the conflict cannot be waived.
¶ 24. “Defendants may waive their right to conflict-free counsel.” Dupuis v. State, 972 So.2d 7, 8 (¶ 7) (Miss.Ct.App.2007). Such waivers “must be knowingly and intelligently made.” Littlejohn v. State, 593 So.2d 20, 25 (Miss.1992) (citation omitted). In Armstrong v. State, 573 So.2d 1329, 1335 (Miss.1990), the Supreme Court of Mississippi reversed a petition for post-conviction relief because there was an actual conflict and no record of a knowing and intelligent waiver. There must be a record of the waiver. Also, it should be noted that Yarbrough is raising this issue for the first time in the petition for post-conviction relief. He did not raise this issue on direct appeal. See Yarbrough v. State, 996 So.2d 804, 805 (Miss.Ct.App.2008).
¶ 25. It does not appear from the record that Yarbrough advised his second attorney to pursue the matter on direct appeal. Yarbrough was represented by Attorney Rodney Ray at trial, Attorney Benjamin Súber in the direct appeal, and Attorneys Jane E. Tucker and James W. Craig in the present PCR action. Mississippi Rule of Appellate Procedure 22(b), which relates to PCR actions on direct appeal, states in part: “Where the appellant is represented by counsel who did not represent the appellant at trial, the failure to raise such issues on direct appeal shall constitute a waiver barring consideration of the issues in post-conviction proceedings.” Yarbrough may have been presented with a second waiver issue, but he was granted permission to file this PCR action by the Mississippi Supreme Court and this matter is not before this Court.
¶ 26. ' At trial, neither Ray nor Yar-brough informed the trial court of the conflict. The judge should elicit a narrative statement that shows that the defendant has knowingly and intelligently made the decision to waive the conflict. Kiker v. State, 55 So.3d 1060, 1066 (¶ 15) (Miss.2011). Other cases have held that assent will satisfy the requirement of knowing and intelligent consent. Dupuis v. State, 972 So.2d 7, 9 (¶ 8) (Miss.Ct.App.2007).
¶ 27. Despite this rule, the trial court was unable to fulfill its obligation because Yarbrough did not address the court to object to Ray’s representation. The trial court was unaware of the actual conflict of interest. Yarbrough learned of the conflict the day of trial, but did not address it in open court. It should be noted that it appears from the record that Ray was never compensated for his services. However, Yarbrough is still entitled to due process under the law.
¶ 28. The Supreme Court of Mississippi has held that when an attorney who has an actual conflict represents a defendant: *152 “[t]he accused has received ineffective assistance of counsel as a matter of law, and reversal is automatic, irrespective of a showing of prejudice unless the accused knowingly and intelligently waived his constitutional right to conflict-free representation.” Kiker 55 So.3d at 1066 (¶ 16). Further, the standard established in Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), does not apply. Id. Therefore, because the first issue is dispositive and reversal is automatic, it is not necessary to address the other three issues on appeal.
¶ 29. Yarbrough’s trial counsel had an actual conflict; however, Yarbrough’s waiver was not valid or effective because it was not knowingly and intelligently made since there was no on-the-record finding of a waiver. I agree with the majority that the judgment of the trial court should be reversed and rendered, and that the judgment of conviction should be reversed and a new trial ordered.

. "Waiver of counsel" is defined as "[a] criminal defendant’s intentional relinquishment of the right to legal representation.” Black’s Law Dictionary 1712 (9th ed.2009). To be valid, a waiver of counsel must be made voluntarily, knowingly, and intelligently. Id.